## Schelley *v.* Zoning Board of Adjustment.

Argued March 6, 1973, before President Judge Bow-MAN and Judges CRUMLISH,, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William T. Jorden,* with him *McClure, Dart, Miller & Kelleher,* for appellants.

*Douglas D. Rozella,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, April 3, 1973:

The Corry Area Development Corporation applied to the Zoning Hearing Board of the City of Corry, Erie County, for a permit to erect a planned residential development in a zoning district where such an activity was permitted as a conditional use. The Zoning Hearing Board conducted a hearing but apparently took no testimony of witnesses and received no evidence. The only memorial of the hearing is the Board's report approving the proposed development, subject to certain conditions. There are no findings. The appellants, neighboring landowners, appealed to the Court of Common Pleas of Erie County which, without hearing, remanded the matter to the Zoning Hearing Board for further hearing by it and the *City Council* sitting in joint session on "the pertinent and disputed facts of this case." A hearing answering this description occurred at which the appellants and the Development Corporation appeared with counsel, a list of the names of objectors received and, according to the report of the hearing filed by the acting Mayor of the City of Corry, "persons present were given an opportunity to voice their opinions relative to the project." What those opinions were or what are the pertinent and disputed facts of the case are unknown to us because again no transcript or other record of what occurred at this hearing was made. The project was approved by the

Zoning Hearing Board and City Council and the matter returned to the court below. The court scheduled a hearing before it but seems not to have taken testimony or received any evidence. It dismissed the appeal with the following opinion:

"In the event there are further proceedings I reserve the right to file a full scale opinion.

"On several occasions, particularly in the cases of Tirak v. City of Erie, No. 10-E 1970 Equity and Clawson v. Harborcreek, No. 1266-A 1972, No. 1562-A 1972, both in the Court of Common Pleas of Erie County, Pennsylvania, I have extensively reviewed the law of zoning in Pennsylvania.

"This Court is not a super zoning board nor a master planner of last resort.

"This case involves a planned residential project at 840 South Center Street, Corry, Pennsylvania.

"According to the court record, the City Council of Corry, Pennsylvania, the Zoning Board of Adjustment of Corry, Pennsylvania, and the Planning Commission of Corry, Pennsylvania, have unanimously approved of the project.

"It would be an act of supreme supererogation on my part to overrule these decisions by the aforesaid municipal bodies."

Section 908(9) of the Pennsylvania Municipalities Planning Code (the MPC), Act of July 31, 1968, P. L. 805, as amended by the Act of June 1, 1972, P. L. , No. 93, 53 P.S. §10908(9), provides that the Board ". . . shall . . . make written findings on the application. . . ." In addition, Section 1010 of MPC provides, *inter alia*, 53 P.S. §11010: "If the record does not include findings of fact, or if additional evidence is taken by the court or by a referee, the court may make its own findings of fact based on the record below as supplemented by the additional evidence, if any." We cannot judge the merits of an appeal without findings. *BJM Urban*

*Development Corporation v. Fayette County Zoning Hearing Board,* 1 Pa. Commonwealth Ct. 534, 275 A. 2d 714 (1971). We do not have here even a transcript.

Section 908(7) of the Pennsylvania Municipalities Planning Code, 53 P.S. §10908(7), directs zoning hearing boards to ". . . keep a stenographic record of the proceedings. . . ." In *Camera, Jr. v. Danna Homes, Inc.,* 6 Pa. Commonwealth Ct. 417, 296 A. 2d 283 (1972), we remanded because the testimony was paraphrased by the board's secretary rather than taken verbatim.

The record is remanded to the court below for further hearing before it or the Zoning Hearing Board of which a stenographic record and transcript of the proceedings shall be kept and findings and conclusions made.