Clay C. Hess and Ivan W. Hess, M.D., Appellants,
*v.* Upper Oxford Township, Appellee.

Argued October 7, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Clarke F. Hess,* with him *Butera & Detwiler,* for appellants.

*Eric S. Coates,* for appellee.

OPINION BY CRUMLISH, JR., J., February 11, 1975:

Clay C. Hess and Ivan W. Hess (Appellants) are the owners of a 56.5 acre undeveloped tract of land located at the intersection of Street Road and Route 10 in Upper Oxford Township, Chester County. The tract is presently zoned R-1 Residential under Article IV of the Upper Oxford Township Zoning Ordinance of 1968. Within this classification, which encompasses three-quarters of the township, residential development is limited to single family detached dwellings with a minimum lot size of two acres and a minimum lot width of two hundred feet at the building line. Under Article XII of the ordinance, property owners such as Appellants may apply for a special exception to develop tracts of ten acres or more as a Planned Residential Development (PRD). The advantage of a PRD is that it permits multi-family developments within an R-1 district, and reduces the minimum lot size for single family detached dwellings to one acre, 22,000 square feet, or 18,000 square feet, depending upon the percentage of open space reserved by the developer and the availability of off-site sewer and water facilities.

On March 23, 1973, Appellants filed an application for a curative amendment to the ordinance with the Township Board of Supervisors pursuant to Sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended* by the Act of June 1, 1972, P.L. ——, No. 93, 53 P.S. §§10609.1, 11004. The application challenged the existing two acre minimum zoning as "presumptively unconstitutional" under *Concord Township Appeal,* 439 Pa. 466, 268 A. 2d 765 (1970), and *Bryan Appeal,* 21 Chester 49 (1972) ; and accordingly requested that the ordinance be amended to permit one acre minimum lots with a lot width at the building line of 150 feet, or, alternatively, that the tract be rezoned R-2 Residential with the above dimensional requirements. Attached to the application was a sketch plan of the detail required by Section 1004(2)(c), 53 P.S. §11004(2)(c), indicating a proposed development of 44 single family detached dwellings on lots of 1 to 1.3 acres, exclusive of right-of-way for interior roads. Due notice of the proposed amendment was given, and a hearing was held by the Board of Supervisors, sitting as a governing body, on May 16, 1973. As no decision was rendered by the Board of Supervisors within thirty days of the hearing, the amendment was considered denied under Section 1004(4)(iii) of the MPC, 53 P.S. §11004(4)(iii), and Appellants filed a timely appeal to the Court of Common Pleas of Chester County. On January 23, 1974, the court below dismissed the appeal without taking additional evidence or making independent findings of fact from the stenographic record compiled before the governing body. It is the lower court's failure in this latter respect which dictates our disposition of the appeal.

This Court has repeatedly refused to judge the merits of a zoning appeal when we do not have before us sufficient findings of fact made by the appropriate court of common pleas or the zoning hearing board. *McClellan v.*

*Zoning Hearing Board,* 8 Pa. Commonwealth Ct. 537, 304 A. 2d 520 (1973) ; *Schelley v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 169, 302 A. 2d 526 (1973) ; *Rees v. Zoning Hearing Board of Indiana Township,* 2 Pa. Commonwealth Ct. 551, 279 A. 2d 354 (1971) ; *BJM Urban Development Corp. v. Fayette County Zoning Hearing Board,* 1 Pa. Commonwealth Ct. 534, 275 A. 2d 714 (1971). In the instant case, the Board of Supervisors was not required by Section 1004(4)(iii) to render a decision, much less make written findings of fact. Section 609.1, 53 P.S. §10609.1, which generally makes applicable the notice and hearing procedures of Section 908(4)-(8), 53 P.S. §10908(4)-(8), to a governing body considering a curative amendment, does not incorporate by reference the requirement of written findings of fact contained in subsection (9) of 908, 53 P.S. §10908(9). The absence of a factual basis for the denial of a curative amendment under Section 1004(4)(iii) places the onus upon the court of common pleas to make its own findings based on the record compiled before the governing body,[1] or upon that record as supplemented by additional evidence taken by the court. *See,* Krasnowiecki, *Zoning Litigation and The New Pennsylvania Procedures,* 120 U. Pa. L. Rev. 1029, 1099, 1108 (1972). Although we recognize that Section 1010, 53 P.S. §11010, does not specifically require the court to make findings of fact when reviewing the denial of a curative amendment under Section 1004, this Court cannot review such determinations in a vacuum. As Section 1010 precludes a remand to the governing body in validity challenges under Section 1004, we hold it to be the duty of the lower court

1. In *Rees v. Zoning Hearing Board of Indiana Township, supra,* we held that the failure of the zoning board to make findings could not be cured by the lower court's entry of findings of fact unless it took additional evidence. Section 1010 of the MPC, 53 P.S. §11010, now gives a court of common pleas this power.

to make appropriate findings of fact in order to enable meaningful review on appeal.

The efficacy of this construction is amply illustrated here. Contrary to Appellants' contention, the Supreme Court in *Concord Township Appeal, supra,* did not hold that a two acre minimum lot requirement is unconstitutional per se. Nor did a majority of the Justices deciding *Concord* hold that such a density requirement is presumptively unconstitutional. Rather, the constitutionality of any minimum acreage requirement must depend upon the particular facts and conditions in the municipality which impose such a requirement, and upon the local motivations or effects of such a requirement. *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S. Ct. 1536, 39 L. Ed. 2d 797 (1974); *National Land and Investment Company v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A. 2d 597 (1965); *Surrick v. Upper Providence Township Zoning Hearing Board,* 11 Pa. Commonwealth Ct. 607, 314 A. 2d 565 (1974). The court below, in an opinion filed in response to our writ of certiorari, determined that neither the intent nor effect of the Upper Oxford Township two acre minimum is "exclusionary." There are no specific findings of fact, however, to support this conclusion. As a minimum to meaningful appellate review in this difficult area of the law, there must be findings as to the geographic proximity of the township to metropolitan population centers, the existence or non-existence of population or development pressures from surrounding areas, the response of the municipality and its citizens and community groups to such pressures, as well as the relative marketability of property within an R-1 district as presently zoned. This Court will not rummage through the record, speculating upon the credibility and weight of the evidence before a finder of fact. Nor will we, with one hat on, make our own findings, and then don our appellate hat to determine whether our decision can be sustained.

The record is hereby remanded to the court below to enter findings of fact consistent with this opinion, and if need be to take such additional evidence in order to make the appropriate findings.