Penn Township Board of Supervisors, Appellant, *v.* Martin W. DeRose, James A. Denniston, and Steven J. Gumenick, Appellees.

Argued February 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Samuel K. Gates,* for appellant.

*Joel O. Sechrist,* with him *Eveler, Puckett and Trout,* for appellees.

OPINION BY JUDGE BLATT, May 2, 1975:

This is an appeal from an order of the Court of Common Pleas of York County dated May 10, 1974 reversing the Penn Township Zoning Hearing Board (Board) and ordering the Board to approve a building permit for Martin W. DeRose, James A. Denniston and Steven J. Gumenick (landowners).

On September 14, 1973 Donald T. Puckett, the attorney for the landowners, sent a letter to the Board on behalf of his clients indicating that they were applying for a "Use Variance" to locate a mobile home park on land which they owned in Penn Township. On October 3, 1973 Mr. Puckett sent a letter to the Board's attorney stating his clients' position that the Township zoning ordinance was "invalid" as exclusionary in that it did not provide for mobile home parks. On November 15, 1973 the Board denied the application for a variance. The lower court later reversed the Board's decision without taking additional evidence, and the Township has now appealed to this Court.

Unfortunately, procedural inadequacies plague the record before us and render it impossible to decide this case on its merits.

A hearing was apparently held by the Board to consider the landowners' requests, as indicated by correspondence between the attorneys for the respective parties. Although, however, a stenographic record and transcript of the proceedings before the Board is mandated by sections 908(7) and 910 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(7) and 10910, no such record or transcript appears on the record before this Court. Nor did the Board render a written decision accompanied by findings of fact and conclusions, pursuant to sections 908(9) and 910 of the MPC, 53 P.S. §§10908(9) and 10910. The lower court, therefore, without a transcript to review and without taking additional evidence, made no findings of fact on its own. As a result, our only recourse is to remand so that a proper record which meets the requirements of the MPC can be developed. *See McClellan v. Zoning Hearing Board,* 8 Pa. Commonwealth Ct. 537, 304 A.2d 520 (1973) ; *Schelley v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 169, 302 A.2d 526 (1973) ; *Camera, Jr. v. Danna Homes, Inc.* 6 Pa. Commonwealth

Ct. 417, 296 A.2d 283 (1972). On remand the landowners may pursue the variance remedy if they can otherwise establish the necessary requirements.

We are also compelled to refer the parties to section 1004 of the MPC, 53 P.S. §11004 which sets out the procedures which a landowner must follow in challenging the validity of an ordinance. Although the record, as we have stated, is woefully inadequate, our reading of it, as well as the landowners' brief, seems to indicate that the landowners have not even argued that the conditions necessary for the grant of a variance under section 912 of the MPC, 53 P.S. §10912 are present in this case. Their alleged right to use their property for a mobile home park seems to be premised on their assertion that the Penn Township zoning ordinance is exclusionary and therefore unconstitutional. Section 1004, however, describes the two procedural avenues available to landowners who wish to make such a challenge: a) they may submit the challenge to the zoning hearing board for a report thereon or b) they may submit the challenge to the governing body together with a request for a curative amendment. They failed to follow the proper procedures under either method.

In *Ellick v. Board of Supervisors of Worcester Township*, 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975) we recently discussed in detail the effect of section 1004 of the MPC. We will not repeat ourselves here but we must emphasize the importance of following those procedures, including the submission by the landowner of plans and other materials describing the proposed use, and note that no such plans presently appear in the record before us.

In *Robin Corporation v. Board of Supervisors of Lower Paxton Township*, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975) we were recently faced with a situation in which the landowner attempted to utilize the procedures available under section 1004 for the purpose of

630

asserting what was essentially a claim for a variance. We there held that it was improper to proceed under section 1004 where merely a variance was sought. We indicated that section 1004 was intended to apply to a situation where the validity of an entire zoning ordinance was challenged through an allegation of exclusionary zoning. The case before us appears to be the converse of *Robin*. The landowners here are arguing substantively that the ordinance is exclusionary and unconstitutional and yet they are procedurally pursuing the variance remedy. In this case, therefore, we would note the following language of section 1001 of the MPC, 53 P.S. §11001:

> "The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act."

We cannot escape the conclusion that section 1004 of the MPC describes the exclusive remedies available to a landowner who challenges a zoning ordinance as being exclusionary. The order of the lower court is, therefore, reversed and the record is remanded to the lower court for proceedings consistent with this opinion.