In Re: Appeal of Frank Merlino from Refusal of Plains Township Board of Commissioners to Amend Zoning Ordinance. Plains Township Board of Commissioners, Appellant.

Argued April 1, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph C. Giebus,* for appellant.

*Hugh J. O'Connell,* for appellee.

OPINION BY JUDGE KRAMER, May 21, 1975:

This is an appeal filed by the Plains Township Board of Commissioners (Township) from an order dated June 13, 1974 of the Court of Common Pleas of Luzerne County sustaining an appeal of Frank Merlino (Merlino) from an order of the governing body of the Township denying Merlino's request for a rezoning of certain realty. The order of the court below also directed the governing body to rezone.

Apparently[1] on August 6, 1973, Merlino filed two petitions for rezoning with the Township. The first petition requested the rezoning of three acres of land owned by Merlino from R-2 to R-3 so as to permit him to develop the land for "townhouses or apartments." After a hearing before the governing body of the Township, the petition was denied. Although the opinion of the

---

1. We say "apparently" because the record in this case indicates that neither of the petitions was dated.

court below discusses this particular petition, we note that Merlino did not file an appeal with the court from the denial of this petition and, therefore, it was not before the court below and is not now before this Court. We merely mention it as being part of the joint proceedings before the governing body. The second petition requested the governing body to rezone 9.25 acres of land owned by Merlino from R-1 to C-1, which would permit Merlino to utilize the land for an expansion of his existing "nursery and floral business." The record indicates that Merlino desired to construct a greenhouse on the subject land, which the record clearly shows is a culm bank or coal refuse pile formerly used by a coal company. After a hearing before the governing body, at which Merlino did not appear personally or by counsel, the governing body denied the petition.

Merlino filed an appeal with the court below and alleged that the governing body of the Township had abused its discretion because (1) Merlino urgently needed the use of the land for his business; and (2) his proposed use would be beneficial to the Township in that it would replace the existing unsightly clum bank. Merlino also alleged that the existing R-1 zoning classification, which restricted his land to residential use, capriciously required that the land be used for a purpose for which it was not suited. The lower court received additional testimony and evidence, and after hearing issued the order described above. We must reverse.

In 1972 the General Assembly made extensive amendments to the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* and especially to article 10 thereof, 53 P.S. §11001 et seq. These amendments created a great deal of confusion in the field of zoning law. As a result this Court, in recent decisions, has attempted to resolve some of the questions arising out of the 1972 amendments. *See Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975) and *Robin Corpora-*

*tion v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975). We have noted that section 1001 of the MPC, 53 P.S. §11001, states that:

> "The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act."

In *Ellick* we pointed out that if the landowner desires to substantively challenge a zoning ordinance he is bound by the provisions of section 1004 of the MPC, 53 P.S. §11004, under which he must file a challenge together with a proposed curative amendment and "plans and other materials" indicating his proposed use of the land. Merlino simply did not follow the procedures set forth in section 1004 of the MPC. In both *Ellick* and *Robin,* we also noted that if a landowner desires to use his land in a matter not permitted by the zoning ordinance but bases his proposal upon allegations which, if established, would warrant the grant of a variance or special exception (such as a hardship unique to the land), he must utilize those procedures which were not eliminated by the 1972 amendments to the MPC.

In addition to all of these remedies which a landowner has available now under the MPC, a landowner obviously still has the right to request the governing body of his municipality to change its zoning ordinance to permit some desired usage, and the governing body, as a legislative prerogative, may grant such a request as long as its action in doing so is not contrary to law (e.g., spot zoning, of course, is still prohibited). Where a landowner follows this course of action the matter is strictly a legislative process, and, as a citizen, he is in much the same position as he would be in asking the General Assembly to change a statute. We have held in at least two cases that the courts have no power to interfere with the legislative process and, therefore, the courts do not have jurisdiction

to entertain an appeal from a denial of a petition which is solely a request for rezoning. *See Warren v. Ferrick,* 17 Pa. Commonwealth Ct. 421, 333 A.2d 237 (1975) and *Board of Commissioners of McCandless Township v. Beho Development Company, Inc.,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975). In any event, as noted in *Beho* and also in *Ellick, supra,* even where the landowner follows the procedures of section 1004 of the MPC, 53 P.S. §11004, the courts still may not interfere with the legislative process and order a zoning ordinance to be amended, as the lower court did in this case.

While a reading of this record tempts us to state that the leveling of the subject clum bank to permit the development of the land for the proposed greenhouse appears to be laudatory and beneficial utilization of the land, the resolution of that question is for the governing body of the Township under our existing zoning law. This Court may not interfere.

In summary, Merlino proceeded with a petition solely related to a request for the governing body of the Township to rezone. Merlino did not follow any of the procedures mandated by the MPC and interpreted by this Court in the cases cited above. The lower court, therefore, committed an error of law in sustaining Merlino's appeal and ordering the Township to amend its zoning ordinance. These conclusions require us to reverse.