The Morrisville Bank, John G. Jackson, Andrew J. Jackson, Mary Jackson, William F. Jackson, Victoria Jackson, Sophia Timko, Olga Kosarowich, Michael Kosarowich, Marie Swistak and Walter Swistak, Appellants, *v.* Township of Falls, Appellee.

150

Argued June 2, 1975, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*John W. Donaghy*, with him *Gerald M. Hershenson*
and, of counsel, *Curtin and Heefner*, for appellant.

*David H. Moskowitz*, with him *Weiss, Moskowitz,
Molish & Zamparelli*, for appellee.

Opinion by Judge Rogers, July 3, 1975:

Section 609 of the Pennsylvania Municipalities Plan-
ning Code, Act of July 31, 1968, P.L. 805, *as amended*,
53 P.S. §10609, effective at the time of the operative oc-
currences of this case, provided:

"For the preparation of amendments to zoning
ordinances, the procedure set forth in this article for

the preparation of a proposed zoning ordinance shall be permissive. Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least thirty days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations. If, after any public hearing held upon an amendment, the proposed amendment is revised, or further revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment."

The Board of Supervisors of Falls Township, Bucks County, gave due public notice of a hearing to be held March 12, 1970 on the subject of a proposal to rezone a portion of a tract of land known as the Jackson farm from L-I Light Industrial to R-I Residential. At the time and place scheduled for hearing, the appellants herein, the owners of portions of the Jackson farm affected by the proposed rezoning, appeared and advanced reasons why the Board should not adopt the amendment. The Board took no action on the hearing date. A few days later counsel for the appellants sent a letter to the Chairman of the Board of Supervisors again setting forth the reasons why his clients believed the Board should not change the zoning classification of any of their land. Nothing further happened until November 17, 1970, when at a regular monthly meeting the Board adopted the amending ordinance.

On December 16, 1970, the appellants filed a complaint[1] in the Court of Common Pleas of Bucks County

———

1.  Pursuant to Section 702, cl. XLI of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65741. The authority for such complaints is now provided by

raising various objections to the procedures followed by the Board. The evidentiary record was supplied by a stipulation. The court below by an able opinion of Judge SATTERTHWAITE refused the prayer of the complaint and dismissed the action.

In this appeal, the appellants raise only one objection to the procedures in the adoption of the amendment— that the eight months' interval between public hearing and the enactment of the amending ordinance, together with the fact that no public notice[2] was given of the Board's intention to vote on the proposal at its regular meeting on November 17, 1970, "served to invalidate the amendatory ordinance" then adopted.

The first difficulty with the appellants' case is that Section 609, 53 P.S. §10609 does not itself impose a limit on the length of time governing bodies may take to consider amendments. We may assume that if the Legislature had desired a definite statutory limitation it would have so provided, as it did with respect to the enactment of a zoning ordinance, when, by the 1972 amendment to the MPC, it required a vote within ninety days after the public hearing. Further, through no fault of the appellants' present counsel who ably briefed and argued the appeal, the record fails to establish any facts tending to show harm or prejudice to the appellants resulting from the delay. The same persons remained the owners of the Jackson farm, the same supervisors who attended the hearing voted on the question of adoption and there is no evidence of a change during the delay in the conditions of the land rezoned, of the characteristics of the neigh-

---

Section 1003 of the MPC, added by amendment of the Act of June 1, 1972, P.L.     , No. 93, 53 P.S. §11003.

2. Of course, the meetings of boards of supervisors are required to be upon public notice prescribed by the Act of June 21, 1958, P.L. 392, *as amended*, 65 P.S. §251 et seq. It is not suggested that the Act cited was not complied with in accordance with the November 17, 1970 meeting.

borhood or of any other intervening circumstance adversely affecting the propriety or fairness of the amendment when finally adopted. For us to invalidate the ordinance on this record, would be simply to write an arbitrary eight months' limitation into the statute, an act we are powerless to perform.

The absence of evidence of changed conditions distinguishes the common pleas court decisions invalidating such amendments. Hence, in *Winslow v. Falls Township,* 25 Bucks Co. L. Rep. 45 (1973), where there was an 18 month interval between hearing and adoption, the supervisors who voted were not the same persons who conducted the hearing. In *Coston v. Upper Merion Township,* 88 Montg. Law Rep. 383 (1966), ownership of the tract and the size and nature of the proposed use had changed in the fourteen month interval between hearing and adoption. In *Nephin v. Upper Dublin Township,* 95 Montg. Law Rep. 377 (1972), conditions relative to the susceptibility of the neighborhood to flooding had changed and a retaining dam had been damaged and removed after the hearing.

Judge SATTERTHWAITE concluded his opinion with an accurate summary of the facts and law, which we adopt:

"In the instant case, however, although plaintiffs professed in their complaint that conditions not only could have changed but actually did change during the interval after the hearing and before enactment of the challenged amendatory ordinance, they have introduced not one iota of evidence of such change or even likelihood of change. In fact, the only indications whatsoever on this question would seem to negative any possibility of significant change: the same supervisors remained in office and the same parties still owned the affected real estate. Even the very history of these proceedings is not conducive to any inference of urgency, imposition or other equitable appeal normally to be expected from differing circumstances; plaintiffs have been content, for reasons, if any,

which are left totally unexplained, to let the within proceeding lie dormant for about three and one-half years before moving to submit the matter to the Court for actual decision.

"Their reliance upon the lapse of time between the supervisors' hearing and their enactment, alone and without more, is unwarranted and misplaced. This Court should not, and will not, in the absence of some legislative mandate otherwise requiring, such as the presently inapplicable 1972 amendment to §608 of the PMPC, supra, be placed in the position of dictating that any particular lapse of time either is too long or is not too long, as a matter of law and regardless of circumstances."

Order affirmed."