## Charles C. Spencer, Appellant *v.* Board of Supervisors of Earl Township, Appellee.

Argued December 4, 1975, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

 

*Barry W. Kerchner,* with him *Markofski and Kerchner,* for appellant.

*Alfred W. Crump, Jr.,* with him *Marx, Ruth, Binder, Ward & Crump,* for appellee.

OPINION BY JUDGE KRAMER, January 19, 1976:

This is an appeal by Charles C. Spencer from an order of the Court of Common Pleas of Berks County, dated April 24, 1975, which affirmed a refusal of the Board of Supervisors of Earl Township to rezone a tract of land owned by Spencer. Spencer bases his appeal on the allegation that the Township's zoning ordinance is exclusionary; but we conclude that the procedure followed by Spencer was fatally defective and that we must dismiss the appeal without reaching the merits.

In October, 1973, Spencer filed with the Township Supervisors a document entitled "Petition For Change of Zoning." The petition was not accompanied by the "plans and other materials" or the proposed curative amendment required by Sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1, 11004. After a hearing, the Supervisors denied the requested rezoning, and Spencer appealed to the Court of Common Pleas, which affirmed the Supervisors, after determining that Spencer's allegation of exclusionary zoning had no merit.

If a landowner desires to substantively challenge a zoning ordinance, he is bound by the provisions of Section 1004 of the MPC, 53 P.S. §11004. Section 1001 of the MPC, 53 P.S. §11001, provides that Article X of the MPC constitutes the exclusive mode for securing review of a zoning ordinance. *Appeal of Merlino*, 19 Pa. Commonwealth Ct. 143, 339 A.2d 642 (1975); *Ellick v. Board of Supervisors of Worcester Township*, 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

We have recently held that while a court may grant definitive, specific relief to a successful challenger who properly proceeds under Section 1004, we have also repeatedly held that the 1972 amendments to the MPC did not create any power in the courts to order that a municipality take the purely legislative step of amending its zoning ordinance. As we said in *Merlino, supra,* "the courts have no power to interfere with the legislative process and, therefore, the courts do not have jurisdiction to entertain an appeal from a denial of a petition which is solely a request for rezoning." 19 Pa. Commonwealth Ct. at 146-47, 339 A.2d at 644. *See Warren v. Ferrick,* 17 Pa. Commonwealth Ct. 421, 333 A.2d 237 (1975) and *Board of Commissioners of McCandless Township v. Beho Development Company,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975).

Our examination of Spencer's petition leaves no doubt that it cannot be considered to be more than a request for rezoning. Indeed, the only portion of the petition which suggests that a "substantive challenge" under Sections 609.1 and 1004 might have been intended is a general allegation that the minimum lot size restrictions in the ordinance are "in violation of the United States Constitution." As our decisions have held, the MPC requires much more.

The Court of Common Pleas had no jurisdiction to hear Spencer's appeal on the merits, and neither do we. Accordingly, the appeal is dismissed.