## Guy Petrone, Appellant *v.* Hampton Township Council, Appellee.

Argued November 3, 1977, before Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*G. William Bills, Jr.,* for appellant.

*John C. Mohan,* for appellee.

OPINION BY JUDGE BLATT, February 6, 1978:

Guy Petrone (Appellant) appeals here from a determination of the Court of Common Pleas of Allegheny County that his zoning appeal should be quashed because of his failure to post bond.

The Appellant, a landowner in the Township of Hampton, filed a zoning appeal contesting the validity of Ordinance No. 195[1] which was enacted by the Township Council on July 13, 1976. The appeal, which was taken directly to the lower court in accordance with Section 1003 of the Pennsylvania Municipalities Planning Code[2] (MPC), was based upon allegations that the Township did not comply with the procedures as set forth in the MPC in its adoption of this ordinance. The Township filed a motion to quash the appeal because the Appellant had not posted bond in accordance with The Second Class Township Code[3] (Code). Fol-

---

[1] Hampton Township, Pa., Ordinance 195 (1976).

[2] Act of June 1, 1972, P.L. 333, 53 P.S. §11003, which provides as follows:

*Validity of ordinance; procedural questions*

Questions of an alleged defect in the process of enactment or adoption of any ordinance or map shall be raised by an appeal taken directly from the action of the governing body to the court filed not later than thirty days from the effective date of the ordinance or map.

[3] Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* added by Act of April 27, 1945, P.L. 319, §1, *as amended,* 53 P.S. §65741, provides as follows:

Any person aggrieved may, within thirty days after any ordinance or resolution takes effect, make complaint as to the legality of such ordinance or resolution to the court of common pleas upon entering into recognizance with sufficient surety to prosecute the same with effect, and for the payment of costs.

lowing oral argument on that issue, the lower court quashed the appeal, and it is from this determination that the Appellant now appeals to this Court.

The sole legal issue presented here is whether or not the law requires the posting of bond in a zoning appeal involving procedural questions as to the validity of a second class township zoning ordinance. Prior to 1972, the filing of a bond was a condition precedent to such an appeal under Section 702 of the Code, 53 P.S. §65741. However, appeals claiming a defect in the process of enactment of a zoning ordinance for all municipalities except Pittsburgh and Philadelphia,[4] now arise under Section 1003 of the MPC, 53 P.S. §11003, which includes no provision mandating the posting of a bond.[5] Moreover, Section 1001 of the MPC expressly provides that the procedures set forth therein constitute the exclusive mode for securing review of any decision, determination or order of a local governing body of a municipality. Added by Act of June 1, 1972, P.L. 333, 53 P.S. §11001. This section was added along with other major amendments to the MPC in 1972, and subsequent to its effective date, therefore, the exclusive procedure for filing zoning appeals in *all* municipalities except Philadelphia and Pittsburgh, is that provided by the MPC. *See Appeal of Cibula*, 25 Pa. Commonwealth Ct. 333, 360 A. 2d 812 (1976); *In Re: Appeal of Merlino*, 19 Pa. Commonwealth Ct. 143, 339 A.2d 642 (1975); *Penn Township Board of Supervisors v. DeRose*, 18 Pa. Commonwealth Ct. 626, 339 A.2d 859 (1975). Appeals concerning procedural questions as to the validity of second

[4] Sections 105 and 107 of the MPC, 53 P.S. §§10105, 10107, exclude cities of the first and second class, which are Philadelphia and Pittsburgh.

[5] *See* Footnote 2. However, a lower court may require a bond under Sections 916 and 1008(4) of the MPC, 53 P.S. §§10916, 11008 (4), in land development appeals, situations not relevant here.

class township zoning ordinances, therefore, must now be brought under Section 1003 of the MPC, 53 P.S. §11003, which does not require bond instead of under Section 702 of the Code, 53 P.S. §65741. *See Morrisville Bank v. Township of Falls*, 20 Pa. Commonwealth Ct. 149, 151, 341 A.2d 258, 259 (1975), and Ryan, Pennsylvania Zoning Law and Practice, §9.1.14 at 27 (1977). The lower court's reliance upon language in the case of *Hodge v. Zoning Hearing Board of West Bradford Twp.*, 11 Pa. Commonwealth Ct. 311, 312 A. 2d 813 (1973), was misplaced because the applicable provisions of the MPC in that case did not include the 1972 amendments.

We conclude, therefore, that the Appellant's zoning appeal should not have been quashed, that the court below, having committed an error of law must be reversed, and that this case must be remanded for proceedings on the merits.

ORDER

AND Now, this 6th day of February, 1978, we hereby reverse the order of the Court of Common Pleas of Allegheny County and order that this case be remanded for proceedings on the merits.