## Eberly Appeal

*Stephen E. Patterson,* for appellants.
*J. Dennis Guyer,* for borough.

EPPINGER, *P.J.,* May 28, 1980—The Borough of Greencastle found it necessary to "reenact" its zoning ordinance of February 6, 1973 because of technical defects occurring during the enactment of the original ordinance. Appellants in this case want us to strike off the present Greencastle ordinance for defects in the reenactment process.

Appellants contend that the enactment of a zoning ordinance requires not only compliance with the requirements of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, sec. 101, 53 P.S. § 10101 et seq., but also with the publication requirements of the Borough Code of February 1, 1966, P.L. (1965) 1656, sec. 1006(4), as amended, April 12, 1976, P.L. 93, sec. 1, 53 P.S. § 46006(4). Subsection (4) lists as a duty of council the publication of every proposed ordinance or resolution of a legislative character once in one newspaper of general circulation in the borough not more than 60 days nor less than seven days prior to

passage. The Municipalities Planning Code, section 103, 53 P.S. § 10103, makes other acts relating to municipalities and townships a part of that code and is to be construed to give effect to all provisions of other acts not specifically repealed.

Late in 1979 the borough prosecuted a landowner for a violation of its zoning ordinance enacted in 1973 and amended in 1978. The ordinance had not been recorded in the borough's official ordinance book within 30 days of its enactment as required in the Borough Code, sec. 1008, 53 P.S. § 11008, so the borough embarked on a course of reenacting the zoning ordinance.

On October 29, 1979 the Borough Planning Commission held a hearing pursuant to notices published on October 15 and 22. This was followed by a duly advertised meeting of the Planning Commission held to consider recommendations to Borough Council concerning reenactment of the ordinance. Borough Council, in newspapers appearing December 13 and 20, 1979, advertised a public hearing to be held December 27, 1979. Appellant appeared at that hearing and by his attorney asked for rezoning of certain property. Action was said to be inappropriate since the request had not been advertised.

After the public hearing, notice of a special meeting of council was given that action would be taken on the "Proposed Zoning Ordinance" on December 31, 1979. During this meeting the ordinance and zoning map were adopted. Later, notice of the enactment of the ordinance was published.

On the surface it would appear that section 103 of the Municipalities Planning Code, incorporating the Borough Code, supports appellants' contention that zoning ordinances must be published in accordance with the requirement of the Borough

Code. The Chester County Common Pleas Court in Raum v. Board of Supervisors of Tredyffrin Township, 22 Chester 291 (1974), held that it was not necessary to publish a zoning ordinance in accordance with the provisions of The Second Class Township Code of May 1, 1933, P.L. 103, sec. 702, as amended, 53 P.S. §65741. The court held that the procedures to be followed by a municipality when enacting zoning legislation are found exclusively within the Municipalities Planning Code.

But the Chester County court makes special note, as we do, that The Second Class Township Code calls for publication of proposed ordinances not more than 60 nor less than seven days prior to enactment "unless otherwise provided by law." 53 P.S. §65741. There is no similar phrase in the Borough Code. And in our reading of Raum, we do not find that the Chester County Court referred at all to section 103 of the Municipalities Planning Code, 53 P.S. §10103, which makes the provisions of other acts relating to municipalities a part of that code.

The Raum lower court, while finding the zoning ordinance properly enacted in this respect, nevertheless declared the act void and invalid on other grounds. The case was appealed to the Commonwealth Court, which reversed. However, this particular issue was not discussed, not having been presented to the appellate court: Raum v. Board of Supervisors of Tredyffrin Township 20 Pa. Commonwealth Ct. 426, 433, fn.4, 342 A. 2d 450, 453, fn.4 (1975).

We conclude, therefore, that borough zoning ordinances must be published in accordance with the Borough Code and that because this one was not, it must be stricken.

The only remaining problem is whether appel-

lants in this case have standing. The petition alleges that appellants Raymond L. Eberly, Sr. and Larry Eberly are owner and lessee, respectively, of property at 146 Antrim Way in Greencastle. Under section 1003 of the Municipalities Planning Code, as amended, 53 P.S. §11003, questions of defect in the process of enactment of a zoning ordinance are taken directly from the action of the governing body to the court. A landowner has standing to take such an appeal. See Petrone v. Hampton Township Council, 33 Pa. Commonwealth Ct. 515, 382 A. 2d 1236 (1978) (appellant was a landowner).

## ORDER

Now, May 28, 1980, the appeal of Raymond L. Eberly, Sr. and Larry Eberly, challenging the procedural regularity of the reenactment of the Greencastle Borough Zoning Ordinance apparently adopted December 31, 1979 is sustained and the ordinance is stricken. The parties shall each pay their own costs. Exceptions granted to the Borough of Greencastle appellee.