## Donato v. Upper Providence Township Zoning Hearing Board

*William F. Holsten,* for plaintiff.
*James F. Zaccaria,* for defendant.
*Joseph W. Kauffman,* for intervenor.

PRESCOTT, *J.*, December 29, 1980—On or about October 16, 1979 the Zoning Hearing Board of Upper Providence Township (hereinafter board), Delaware County, Pa., by unanimous decision granted Alfred Donato a variance.

By order dated January 24, 1980 the board filed a decision which purported to revise its position of October, 1979 and thereby deny Donato his variance.

Donato has taken an appeal from the action of the board by which his variance was denied. The issues raised by this appeal are:

1. Whether or not the board erred in ordering a rehearing after said board had granted appellant's application for a variance;

2. Whether or not the prior unanimous decision

of the board to grant the requested variance may be reversed by a tie vote of the board.

This opinion is written in disposition of the appeal and the issues raised by said appeal.

Appellant is the owner of a tract of land situated on Rose Tree Road just south of Route 252. Originally, the tract had a frontage of 200 feet along Rose Tree Road and the depth of the tract was in excess of 219 feet. However, because of condemnation proceedings connected with the construction of the Media By-Pass, the depth of the subject tract was reduced to approximately 177 feet as measured from the street line of Rose Tree Road to the right of way line for the Media By-Pass. In other words, the original tract had a depth which would run to the center line of the present Media By-Pass, which was a distance of 219 feet from the street line of Rose Tree Road. Subsequent to condemnation, the subject tract measures approximately 177 feet from the street line of Rose Tree Road to the present right of way boundary for the Media By-Pass.

The property in question is zoned R-3 Residential. Among the requirements attendant to said zoning classification is an area requirement of 21,780 square feet per lot. In addition, a lot would require 100 feet in depth from the street line running adjacent to any lot within said zoning classification.

On June 15, 1979 appellant filed an application which sought to subdivide the subject tract of land into two lots upon which appellant planned to build two single-family dwellings. The application also sought a variance from the lot depth requirements. A hearing was held on September 10, 1979 pursuant to appellant's application, and no one was present at said hearing on behalf of the Township Council of Upper Providence Township (hereinaf-

ter intervenor). On or about October 16, 1979 appellant's application for a variance was granted by the board on an unanimous vote. In its written approval, the board set forth sound reasons for its action.

On or about October 19, 1979 intervenor requested the board to conduct a rehearing on appellant's application for variance because of certain alleged inaccuracies in the record made at the first hearing. Counsel for appellant was advised to appear before the board on October 29, 1979 at which time intervenor's petition for a rehearing would be considered. Over appellant counsel's objection, the board granted a rehearing and scheduled November 5, 1979 as the rehearing date. Said rehearing date was then rescheduled to November 26, 1979. The notes of testimony of the hearing held November 26, 1979 were received by the board on December 10, 1979, and on or about January 24, 1980 the board denied appellant's request for a variance by a vote of one in favor of denial, one in favor of the approval granted on October 16, 1979, and one abstention. Appellant then filed a timely appeal to this court, which necessitates this opinion.

The first issue raised by appellant is whether or not the board erred in ordering a rehearing after said board had granted the appellant's application for a variance.

The Act of July 31, 1968, P.L. 805, sec. 1001, as amended, 53 P.S. §11001, known as the Pennsylvania Municipalities Planning Code, provides as follows: "The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act."

Section 1006 of the Municipalities Planning Code, 53 P.S. §11006, provides that any aggrieved party must appeal to the court of common pleas within 30 days after notice of the decision is issued.

The appellate courts of this Commonwealth have uniformly held that the appeal procedure prescribed under the Municipalities Planing Code is a mandatory procedure to which there is no exception: Peruzzi Appeal, 48 Pa. Commonwealth Ct. 392, 410 A. 2d 93 (1980); Cibula Appeal, 25 Pa. Commonwealth Ct. 333, 360 A. 2d 812 (1976); Merlino Appeal, 19 Pa. Commonwealth Ct. 143, 339 A. 2d 642 (1975); Penn. Twp. Bd. of Supervisors v. DeRose, 18 Pa. Commonwealth Ct. 626, 339 A. 2d 859 (1975).

In the case at hand the intervenor filed no appeal from the decision of the board dated October 16, 1979. Rather than filing an appeal, intervenor filed a petition for a rehearing, which petition is not a recognized procedure under the applicable principles of law set forth above. In the opinion of this court, the failure of intervenor to follow the exclusive remedy available to it was fatal and the grant of the intervenor's petition for rehearing was a legal nullity. Therefore, the second decision of the board was also of no legal consequence.

The second issue raised by appellant is whether or not the prior unanimous decision of the board to grant the requested variance may be reversed by a tie vote of the board.

This court reaffirms its position that the second hearing in this case was null and void. Accordingly, the second issue raised is moot.

In light of the foregoing facts and principles of law applicable thereto, this court has entered an order dated December 29, 1980, sustaining appellant's appeal.

## ORDER

And now, December 29, 1980, after consideration of briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1. The appeal of appellant, Alfred Donato, from the order of January 24, 1980, issued by the Zoning Hearing Board of Upper Providence Township be and the same is hereby sustained;

2. The order of January 24, 1980, issued by the Zoning Hearing Board of Upper Providence Township be and the same is hereby reversed;

3. The order of October 16, 1979, issued by the Zoning Hearing Board of Upper Providence Township be and the same is hereby affirmed.