Board of Commissioners of Ross Township, Appellant *v.* Joseph Harsch and Joan Harsch, his Wife, Appellees.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR., and PALLADINO, sitting as a panel of three.

*William W. Milnes, Brandt, Milnes, Rea and Wagner,* for appellant.

*Joseph Harsch and Joan Harsch,* appellees, for themselves.

*Jason W. Manne,* Assistant Counsel, for Amicus Curiae Department of Public Welfare.

OPINION BY JUDGE WILLIAMS, JR., December 24, 1981:

This case comes before the Court on appeal by Ross Township of a common pleas court decision reversing the denial of a curative amendment proposal.

Appellees John and Joan Harsch operate a Group Day Care Home, a specific entity licensed by the Commonwealth of Pennsylvania, Department of Public Welfare (DPW) for the day care of more than six but less than twelve children, in the actual home of the adult care-giver(s). The township zoning ordinance conditionally permits family day care homes, provid-

ing care for no more than six children, in the R-1 residential district where the appellees reside, but the ordinance makes no provision whatsoever for the care of more than six children in a home-like environment.

The Harsches filed two applications for a curative amendment before the Township Board of Commissioners (Board), both of which were refused. Upon appeal of the second adverse decision, the Allegheny County Court of Common Pleas reversed the Board without taking any additional evidence.

Where the lower court neither expands nor recreates a record in a zoning appeal, thereby acting in an appellate capacity, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Horst v. Derry Township Board of Supervisors*, 21 Pa. Commonwealth Ct. 556, 347 A.2d 507 (1975). That review cannot be made in this instance, since the Board made no findings of fact, and did not issue an opinion to support its denial[1] of the curative amendment. *See Hess v. Upper Oxford Township*, 17 Pa. Commonwealth Ct. 399, 332 A.2d 836 (1975). Compounding the problem for this Court is the neglect of the lower tribunal to either remand for such findings, or to exercise the discretion given it under Section 1010 of the Pennsylvania Municipalities Planning Code,[2] 53 P.S. §11010, to fill that factual void in its reversal of the Board. *Snyder v. Railroad Borough*, 59 Pa. Commonwealth Ct. 385, 430 A.2d 339 (1981). As we stated in *Hess, supra,*

---

[1] The entire content of the letter of notification is:

This is to inform you that at their regular meeting of September 29, 1980, the Ross Township Board of Commissioners denied your proposed Curative Amendment providing for the establishment of group day care homes as a conditional use in residential districts.

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11010.

[t]his Court will not rummage through the record, speculating upon the credibility and weight of the evidence before a finder of fact. Nor will we, with one hat on, make our own findings, and then don our appellate hat to determine whether our decision can be sustained.

17 Pa. Commonwealth Ct. at 403, 332 A.2d at 838-39.

We therefore remand the case to the lower court with instructions to proceed further in a manner consistent with this opinion.

### ORDER

AND Now, this 24th day of December, 1981, the Order of the Court of Common Pleas of Allegheny County is vacated, and the case is hereby remanded to that court for further action or proceedings consistent with this opinion.