In Re: Appeal of Ralph W. Connelly, Inc. *v.* Board of Supervisors of Highland Township. Highland Township, Appellant.

Argued April 3, 1975, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William J. Taylor*, with him *Richard J. Sabat*, *Franklin L. Gordon*, *Gordon & Ashton*, and, of counsel, *Morgan, Lewis & Brockius*, for appellant.

*John E. Good*, for appellee.

OPINION BY JUDGE KRAMER, May 16, 1975:

This is an appeal filed by Highland Township (Township) from an order of the Court of Common Pleas of Chester County, dated October 18, 1974, which declared Article II, Section 202.1 of the Township ordinance, requiring a minimum lot area of three acres for a single-family dwelling in a Rural-Agricultural District, to be unconstitutional as applied to the property of Ralph W. Connelly, Inc., and which stated that the lower court would retain jurisdiction for the purpose of issuing such supplementary orders as shall be from time to time appropriate upon the submission of plans, applications for permits and other relevant materials by Ralph W. Connelly, Inc.

This case commenced with the filing on March 28, 1973 of a letter signed by counsel on behalf of Ralph Connelly et ux. (Connelly)[1] in which they challenged the validity of the Township's zoning ordinance, alleging that the requirement of a three-acre minimum lot with a 300 foot width for each single-family dwelling in a R-A (Rural-Agricultural) zone was invalid. The letter was also accompanied by a proposed curative amendment.

---

1. At the hearing before the governing body, it apparently was agreed that a corporation called Ralph W. Connelly, Inc. was the applicant or challenger. The corporation is a closed one apparently owned by the family of Ralph W. Connelly. The record, however, is silent upon whether the corporation or Mr. and Mrs. Connelly held title to the land in question at the time of the hearing. We will assume for the purposes of this opinion that the corporation held title, but for convenience sake we will refer to the landowner as Connelly, the individual, rather than Ralph W. Connelly, Inc., the corporation.

Connelly owns a tract of land consisting of about 86 acres, 52 acres of which are situated in Highland Township. Connelly, who was the main witness, is not the usual landowner involved in this type of case; he was at the time of the hearing a member of the Township's Planning Commission and had been a member of the same from 1965, when both the comprehensive plan and the zoning ordinance implementing it were adopted. The Township contains 11,340 acres in area and is primarily rural in character. The Township is approximately 45 miles from Philadelphia and is not considered a suburb of any large city. No major highway connects the Township to any large city. In 1965 about 92% of the Township's land was being used for agricultural purposes and the balance for residential, commercial, industrial and semipublic purposes. The zoning ordinance, however, designated 69.5% of the Township as Rural-Agricultural with a three-acre minimum for single-family dwellings, 19% as Rural-Residential with a one-acre minimum, 7.5% as Residential with area requirements ranging from 12,000 to 33,000 square feet depending upon the availability of public water and sanitary sewer facilities, and the remaining 4% as Commercial and Industrial. Connelly's 52-acre tract of land is located entirely in the Rural-Agricultural District which requires both a three-acre minimum lot area and a minimum lot width of 300 feet.[2]

In any event, Connelly filed his challenge under the provisions of section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004. The Township, therefore, under the provisions of said Act, set the matter down for hearing and duly advertised same. At the hear-

---

2. There is nothing in the record indicating a demand for residential housing in the Township which cannot be satisfied by those areas already zoned for residential use.

ing, Connelly and one other witness were called to testify. Connelly's testimony takes up just nine pages in the record. Connelly merely (1) described the property's acreage and topography; (2) stated his intention to subdivide the land into at least one-acre lots for the purpose of erecting single-family dwellings; (3) professed ignorance of the soil type; (4) acknowledged lack of public sewers; (5) acknowledged full understanding of the zoning ordinance of the Township and state regulations controlling housing developments; (6) disclosed his membership on the Planning Commission; and (7) alleged that the three-acre minimum lot size was intended to keep the area rural. The other witness called was a supervisor of the Township, who offered no testimony pertinent to the issues in this case. The remainder of the testimony was by individual citizens, some for and some against the Connelly proposal. The zoning ordinance and the comprehensive plan were made a part of the record. A letter from the Township's Planning Commission noting its rejection of Connelly's request was also made part of the record. It is important to note that neither at the time of the challenge nor during the hearing did Connelly present any plans or other materials indicating the proposed use he intended to make of the subject property.

Following the hearing the governing body of the Township, in a written adjudication, denied Connelly's request for a curative amendment. Connelly appealed to the court below which did not receive any additional testimony or evidence. After argument, the lower court, in a well-reasoned opinion, concluded, based upon the pronouncements of our Supreme Court in *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970) and *National Land and Investment Company v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965), that the three-acre restriction of the Township's zoning ordinance, as it applied to Connelly's 52 acres, was unconstitutional. As noted above the lower court retained

jurisdiction in order to determine the form of relief the court intimated Connelly might ultimately be entitled to after the submission of plans and application for permits. See section 1011 of the MPC, 53 P.S. §11011.

The question before us in this appeal is whether the court below abused its discretion or committed an error of law. *See Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975). We conclude that the court did commit an error of law and that, therefore, we must reverse.

We recognize that the 1972 amendments to the MPC have created a great deal of confusion in the field of zoning law. We hope, however, our recent opinions dealing with the MPC, especially Article X thereof, will succeed in resolving some of the questions arising under the 1972 amendments. *See Ellick, supra; Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975) ; *Hess v. Upper Oxford Township,* 17 Pa. Commonwealth Ct. 399, 332 A.2d 836 (1975); *Warren v. Ferrick,* 17 Pa. Commonwealth Ct. 421, 333 A.2d 237 (1975) ; *Board of Commissioners of McCandless Township v. Beho Development Co., Inc.,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975).

Our review of the record in this case forces us to conclude that the lower court must be reversed because Connelly failed to follow proper procedure. Section 1004 of the MPC, 53 P.S. §11004, sets forth certain mandatory requirements which would entitle a landowner to relief under the provisions thereof. If he chooses the alternative in section 1004(1)(b) of submitting his challenge to the governing body, then he must submit a written request for a hearing. The request must contain a short statement reasonably informing the governing body of the matters which are in issue and the grounds for his challenge. The request must be accompanied by a proposed curative amendment under section 609.1 of the MPC, 53 P.S.

§10609.1, and by *plans and other materials* describing the proposed use or development. Connelly failed to comply with the requirement that plans and other materials be submitted and, therefore, his challenge was procedurally defective.

Section 1004(2)(c) of the MPC, 53 P.S. §11004 (2)(c), reads as follows:

> "The request *shall* be accompanied by plans and other materials describing the use or development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. Such plans and other materials shall not be required to meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a permit so long as they provide reasonable notice of the proposed use or development and a sufficient basis for evaluating the challenged ordinance or map in the light thereof. . . ." (Emphasis added.)

It is quite clear to us that the legislative intent involved in section 1004(2)(c) requires, as an indispensable part of this entire proceeding, plans and other materials describing the use or development proposed by the landowner, so that the governing body (and ultimately the court) will be able to consider the merits of a specific proposed use or development in relation to the allegedly defective ordinance. Challenges pursuant to section 1004 of the MPC are limited to landowners who, on substantive grounds, desire to challenge the validity of an ordinance or map which prohibits or restricts a *specific* proposed use or development, and said use or development must be described by plans and other materials in accordance with section 1004(2)(c). A mere statement of intent to develop at some time in the future is not sufficient to give a landowner standing under section 1004. In this case, at no place in the proceeding did Connelly ever present any plans or other materials describing a proposed use or development. Connelly omitted what was mandated by

the statute and, therefore, was not entitled to proceed under section 1004 of the MPC. The lower court should have dismissed Connelly's appeal.

Although not necessary for the disposition of this case, we believe that it is important to note that, in our opinion, even if Connelly had followed proper procedure, his very brief testimony was not sufficient to satisfy his burden of proving that the present zoning of his property is unconstitutional.

In summary, we have concluded that Connelly failed to follow the procedural requirement of section 1004 of the MPC which mandates the filing of "plans and other materials" with a challenge, and that, therefore, the lower court should have dismissed Connelly's appeal. We therefore reverse the order of the lower court.