In Re : The Appeal of H & K Materials, Inc. from The Hilltown Township Zoning Hearing Board. H & K Materials, Inc., Appellant.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*John P. Knox,* with him *Richard T. Abell,* and *Timoney, Knox, Hasson & Weand,* for appellant.

*David M. MacFarlan,* with him *Charles S. Wilson & Associates,* for appellee.

OPINION BY JUDGE ROGERS, June 8, 1979:

This is the appeal of H & K Materials, Inc. from an order of the Court of Common Pleas of Bucks County dismissing its appeal from a report of the Zoning Hearing Board of Hilltown Township on the appellant's challenge to the substantive validity of the Township Zoning Ordinance pursuant to Section 1004 (1)(a) of the Pennsylvania Municipalities Planning Code (MPC).[1]

H & K, in its written request for hearing filed with the Zoning Hearing Board pursuant to Section 1004 (2)(a) of the MPC, 53 P.S. §11004(2)(a), stated as its ground for appeal the asserted unconstitutionality of the Ordinance by reason of its exclusion from the township of the following uses: quarrying, black top plants, bituminous concrete plants, batch concrete plants, asphalt manufacturing, macadam manufacturing, stone crushing operations, processing and stockpiling of crushed stone and related operations. H & K further alleged that it presently conducts quarry operations on a part of the 73 acre tract which it holds under long term lease, but that it is prevented by the Zoning Ordinance from expanding its activities to other parts of its land. It averred in this regard:

8. Petitioner intends to expand the quarrying, stone crushing, stock piling and other related uses on this property to the entire prem-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(1) (a).

ises and intends to operate on this property all uses herein challenged as being unconstitutionally excluded.

9. Petitioner operates his present operations on this property and intends to operate any use listed in this challenge on this property in the future in accordance with all applicable local, state and federal regulations, and in a safe and nonharmful manner.

The Zoning Hearing Board, after hearings, made numerous findings of fact and, although declaring that it was not making conclusions of law, expressed its view that the ordinance did not unconstitutionally exclude any of the uses described in H & K's request for hearing. H & K filed a zoning appeal in the Court of Common Pleas. The Township then filed in Court a motion to dismiss the appeal on the ground, *inter alia,* of the failure of H & K to comply with Subsection 1004(2)(c) of the MPC, 53 P.S. §11004(2)(c), which reads:

The request [written request for hearing] shall be accompanied by plans and other materials describing the use or development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. Such plans and other materials shall not be required to meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a permit so long as they provide reasonable notice of the proposed use or development and a sufficient basis for evaluating the challenged ordinance or map in the light thereof. Nothing contained herein shall preclude the landowner from first seeking a final permit or approval before submitting his challenge to the board or governing body.

H & K had indeed failed to file plans and other materials. It responded to the Township's motion, however, by filing an application for permission to submit additional materials either to the Court or if the Court believed a remand was appropriate, to the Zoning Hearing Board.[2] The Township objected to the application, a Judge denied it, and the Court granted the Township's motion to dismiss the appeal.

In *Connelly v. Board of Supervisors of Highland Township,* 19 Pa. Commonwealth Ct. 110, 340 A.2d 597 (1975), the owners of 52 acres of land located in a rural township challenged lot size and lot width requirements of the township Zoning Ordinance applicable to the zoning district where their lands were located. No plans or other materials were filed with the governing body to whom the challenge was made. The landowners' description of their proposal, should the ordinance be struck down, consisted of the testimony of one of the owners that it was intended to subdivide the land into residential lots of at least one acre. The governing body rejected the landowners' request but the court of common pleas concluded that the ordinance was exclusionary, and retained jurisdiction in order to determine the form of relief after the landowners should submit plans and applications for permits. We reversed, holding that Subsection 1004(2)(c) was mandatory, that plans and other materials describing the materials were essential to a determination of the "specific proposed use" and that the court should have dismissed the appeal. The Court of Common Pleas of Bucks County not unreasonably felt compelled by our holding in *Connelly, supra,* to dismiss the zoning appeal in this case. We believe the cases are sufficiently,

---

[2] Section 1010 of the MPC, 53 P.S. §11010, provides that appeals to the Court pursuant to Section 1004 shall not be remanded for further hearings to, *inter alia,* the Zoning Hearing Board.

different and that H & K should have been permitted to submit to the court the other materials descriptive of its proposal as it asked to do. In its request for hearing filed with the Zoning Hearing Board, H & K said that it intended to quarry over all of its land and that it intended to engage in the enumerated related activities. At the Board hearings, the owner-lessor of the land testified in detail concerning the way in which the company would conduct its operations as tending to show that the quarrying would be conducted in conformity with State and Federal regulations and without harm to public health and safety. He was cross-examined extensively by the Township's counsel and by neighbors concerning his existing methods and activities and those of other quarry operators. A lively subject of cross-examination was that of how H & K could safely quarry its property in the presence of an electric transmission line on the site. The witness was not asked on cross-examination by anyone to explain in greater detail H & K's intentions with respect to when or where or how otherwise it intended to proceed. The court below agreed that it would be somewhat difficult to exhibit definitive plans for future quarrying of land not previously used for this purpose. The landowners' case made to the Zoning Hearing Board in this case is quite different from the sparse presentation in *Connelly, supra*. Also, it seems to us, the fact that H & K asked to present other materials before the issue was decided in the court of common pleas is significant. Section 1010 of the MPC, 53 P.S. §11010 provides that the court to which a zoning appeal is taken may hold a hearing to receive additional evidence if "proper consideration of the appeal requires the presentation of additional evidence." The circumstances here—the description of the proposal in H & K's request, the extensive hearings conducted by the

Zoning Appeal Board, the absence of any complaint by the Township concerning the absence of plans and other materials while the matter was before the Board, the availability of the principal owner for cross-examination at the hearings and the timely application in the court below to present other materials descriptive of the proposal—combine to compel the conclusion that H & K should have been given opportunity to submit the other materials.

We therefore reverse the order dismissing the appeal and remand the record to the court below for hearing at which H & K's plans or other materials may be received and the matter thereafter disposed of on the merits.

### Order

And Now, this 8th day of June, 1979, the order below dismissing the zoning Appeal of H & K Materials, Inc. is reversed; the order below dismissing H & K's request to present other materials is vacated; and the record is remanded to the court below for hearing at which such materials may be received and thereafter for disposition on the merits.