In Re: Appeal of Vernon Horn et al. From the Hilltown Township Zoning Hearing Board. Vernon Horn et al., Appellants.

Argued October 1, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*John A. VanLuvanee,* with him *Eastburn and Gray,* for appellants.

*David M. MacFarlan,* with him *Charles S. Wilson & Associates,* for appellee.

OPINION BY JUDGE MENCER, December 10, 1979:

Vernon Horn and Edith Horn are the owners of the Blooming Glen Quarry which is located in Hilltown Township, Bucks County. H & K Materials, Inc., Blooming Glen Quarry, Inc., John Haines, and John Kibblehouse are long-term lessees of the quarry property in question here.[1]

On or about May 21, 1976, the Board of Supervisors of Hilltown Township directed Horn to cease and desist from all further construction, use, and occupancy or other nondemolition activity in regard to the batch plant at the Blooming Glen Quarry. Horn appealed to the Hilltown Township Zoning Hearing Board, which, after hearings, affirmed the issuance of the cease-and-desist order. Horn then appealed to the Court of Common Pleas of Bucks County which, on August 9, 1978, sustained Horn's constitutional challenge to the Hilltown Township zoning ordinance[2] and ordered that zoning and building permits be issued, upon Horn's compliance with the administrative requirements of the zoning ordinance.

---

[1] The owners and lessees are collectively referred to in this opinion as "Horn."

[2] Horn's appeal to the Hilltown Township Zoning Hearing Board included a substantive challenge to the validity of the Hilltown Township zoning ordinance and map, alleging that the ordinance and map unconstitutionally excluded certain legitimate uses from the entire township, to wit: "Quarrying, blacktop plants, bituminous concrete plants, stone crushing operations, batch concrete plants, asphalt manufacturing, macadam manufacturing, processing and stockpiling of crushed stone, and all other operations involved in the quarrying and processing of stone and the manufacturing of road building and paving materials of both an asphaltic and concrete nature."

Hilltown Township petitioned for reargument and reconsideration and, on September 8, 1978, the trial court granted reargument "limited to one issue, namely, whether the appeal from the order of the zoning hearing board should be dismissed because applicants [Horn] had failed to submit plans and other materials with their request for a hearing on their [constitutional] challenge."[3]

Following reargument, the trial court, on January 19, 1979, vacated its order of August 9, 1978 and dismissed Horn's appeal. Horn has appealed from this January 19, 1979 order, and we vacate and remand.

The trial court, when it made its order of January 19, 1979, did not have the benefit of our decision, filed on June 8, 1979, in *In re Appeal of H & K Materials, Inc.,* 43 Pa. Commonwealth Ct. 320, 403 A.2d 134 (1979).

In *H & K Materials, Inc.,* we held that the circumstances present there—the description of the proposal in H & K's request, the extensive hearings conducted by the Zoning Hearing Board, the absence of any complaint by the Township concerning the absence of

---

[3] Section 1004(2)(c) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, added by Section 19 of the Act of June 1, 1972, P.L. 333, 53 P.S. §11004(2)(c), reads:

> The [written request for hearing] shall be accompanied by plans and other materials describing the use or development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. Such plans and other materials shall not be required to meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a permit so long as they provide reasonable notice of the proposed use or development and a sufficient basis for evaluating the challenged ordinance or map in the light thereof. Nothing contained herein shall preclude the landowner from first seeking a final permit or approval before submitting his challenge to the board or governing body.

588

plans and other materials while the matter was before the Board, the availability of the principal owner for cross-examination at the hearings, and the timely application in the trial court to present other materials descriptive of the proposal—combined to compel the conclusion that H & K should have been permitted to submit to the trial court the other materials descriptive of its proposal as it had asked to do.

Our examination of the record in the instant case discloses that the factors which we considered significant in reaching our decision in *In re Appeal of H & K Materials, Inc., supra,* are substantially present here. Thus, following the holding of that case, we make the following

ORDER

AND Now, this 10th day of December, 1979, the order of the Court of Common Pleas of Bucks County, dated January 19, 1979, vacating its order of August 9, 1978 and dismissing the zoning appeal of Vernon Horn, et al., is vacated, and the record is remanded to that court for further hearing at which materials descriptive of the use proposal may be received and thereafter for disposition on the merits of Hilltown Township's petition for reconsideration.