Union Run Corporation and Chemical Realty Corporation, Appellants *v.* The Lower Paxton Township Board of Supervisors and Lower Paxton Township, Appellees.

Argued June 5, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard W. Cleckner, Cleckner & Fearen,* for appellants.

*Heath L. Allen,* with him *Francis J. O'Gorman, Jr., Keefer, Wood, Allen & Rahal,* for intervening appellant.

*Richard H. Wix, Wix, Wenger & Weidner,* for appellees.

Opinion by Judge Craig, July 17, 1980:

This zoning appeal involves curative amendment proceedings by Union Run Corporation (owner) challenging the validity of three amendments to the Zoning Ordinance of Lower Paxton Township, Dauphin County, which affected the owner's 97 acres of land in the township by rezoning it from R-1 to R-3, by reducing height limits from those allowing highrise development to a maximum of 40 feet, and by reducing the allowable density in that location from 30 to 3 dwelling units per acre.

After the township's board of supervisors rejected the curative amendments, the owner's appeal to the Common Pleas Court of Dauphin County, with Chemical Realty Corporation intervening as mortgagee, was dismissed, from which order the owner and intervenor have appealed to this court.

We affirm the decision of the court below upon the sound opinions of Judge John C. Dowling of that court, reported at 100 Dauph. 1 (1978) and — Disposing of exceptions — at 100 Dauph. 476 (1979), which held that the owner's curative amendment proceedings were fatally defective because they included no "plans and other materials describing the use or development proposed by the landowner", as mandated by Section 1004(2)(c) of The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(2)(c).

Acknowledging that plans and materials were not submitted, the owner's brief states that its description of the proposed development was as follows:

The Supervisors were notified that Union Run proposed to construct high-rise apartment buildings varying in heights of up to ten stories and creating an approximate density of 30 dwelling units per acre.

That description obviously was a statement of intent quite general in its nature.

Judge Dowling was correct in considering the case to be controlled by *Appeal of Ralph W. Connelly, Inc.*, 19 Pa. Commonwealth Ct. 110, 340 A.2d 597 (1975) because we there characterized plans and other materials as "an indispensable part" of a curative amendment proceeding and held that a "mere statement of intent to develop" is not sufficient to give a landowner standing under MPC §1004. 19 Pa. Commonwealth Ct. at 115, 340 A.2d at 600.

We cannot agree with owner's contention that the MPC merely requires that the governing body have "reasonable notice" of the development and a "sufficient basis" for evaluating the challenged ordinance; the cited subsection of the MPC plainly calls for "plans and other materials" to provide that reasonable notice and sufficient basis.

With respect to owner's final contention on this dispositive issue, we quote Judge Dowling:

Appellants argue that they should not have been required to submit written plans because of the expense involved and because the Lower Paxton Board was predisposed to reject their proposal in any case. We have found no legal authority for the proposition that financial considerations or prognostications about the disposition of the Board justify ignoring the requirements of the Planning Code.

The order must be affirmed.

ORDER

Now, this 17th day of July, 1980, the orders of the Court of Common Pleas of Dauphin County dated January 11, 1978 and January 18, 1979, are affirmed.