Winston Corporation, Appellant *v.* The Board of Supervisors of Patton Township, Appellee.

Argued January 29, 1985, before Judges ROGERS, CRAIG and Senior Judge BARBIERI, sitting as a panel of three.

*Ronald M. Lucas, Tive, Hetrick & Pierce, P.C.,* for appellant.

*Richard L. Campbell, Miller, Kistler & Campbell, Inc.,* for appellee.

OPINION BY JUDGE ROGERS, March 15, 1985:

The Winston Corporation (appellant) appeals from an order of the Court of Common Pleas of Centre County dismissing its appeal from a decision of the Patton Township Board of Supervisors rejecting its challenge to the validity of the township's zoning ordinance. The appellant's challenge was rejected on the ground that the appellant failed to submit plans and other materials describing the use or development proposed for its land in lieu of the use and development permitted by the challenged ordinance as required by Section 1004(2)(c) of the Municipalities Planning Code (MPC) Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11004(2)(c).

The Patton Township Zoning Regulations provide for an I-1 Industrial District and for an I-RD Research, Development and Light Industrial District. In the I-1 Industrial District, the following uses are permitted as of right:

> Any production, manufacturing, assembly, processing, cleaning, testing, repair, storage or distribution of materials, foodstuffs and products not involving a retail activity on the lot, except mining and quarrying; trucking terminal; essential services, all wholesale distribution or storage; agricultural uses and all utilities.

No land has been designated as an I-1 Industrial District by the Patton Township zoning ordinance or on the zoning map.

In the I-RD Research, Development and Light Industry District, the following uses are permitted as of right:

Research, engineering or testing laboratories

Administrative activities and offices

Public Utility installations and public service structures

Assembly from components including the assembly of radios, televisions and similar electronic products, or fabrication of models or test equipment used in research

Pharmaceutical research and production

Plastics assembly

Optical instrument systems development and

Completely enclosed (interior) storage of products to the above, or similar type uses.

There are lands designated as I-RD by the ordinance and map.

The appellant owns a 40.69 acre tract of land located in the township's A-1 Agriculture District. In the A-1 district, the following uses are permitted as of right:

Single-family dwelling directly related and incidental to agricultural use of land

Agricultural uses

Usual farm buildings and structures

Churches

Public uses

Public recreational facilities and

Essential services

Single Family Dwelling—unrelated to agricultural use of adjoining land, on a minimum size one (1) acre lot with R-1 district setbacks.

and the following upon grant of special exception:

Hospitals, Sanitariums, Penal Institutions, Home Occupations, Clinics, Golf Courses,

Cemeteries, Public, Private and Parochial schools, public recreation and other public uses and mobile home parks.

In October, 1982, the appellant requested the Patton Township Board of Supervisors to amend the zoning ordinance and map so as to place its land in an I-RD Research, Development and Light Industry District. The board of supervisors refused this application.

The appellant thereupon submitted to the board of supervisors a challenge to the validity of the township's zoning ordinance and map on the asserted ground that they provided no land zoned I-1 Industrial. The appellant requested the board to adopt a curative amendment which would designate its tract as being within an I-1 Industrial District. The appellant's request for curative amendment was accompanied by a sketch plan of its tract subdivided into five lots and showing within each lot the outlines of one or more buildings. None of the appellant's materials, its request for a curative amendment, the proposed curative amendment, or its sketch plan mentions the use or development proposed by the appellant for its land in lieu of the use or development permitted it by the challenged ordinance or map. Indeed, the uses permitted in the I-1 Industrial District are not named in the appellant's submissions, much less proposed to be established on the appellant's tract.

Section 1004(2)(a) of the M.P.C., 53 P.S. §11004(2)-(a), provides that a landowner who, on substantive grounds, desires to challenge the validity of a zoning ordinance:

(a) [S]hall make a written request to the board or governing body that it hold a hearing on the challenge. The request shall contain a short statement reasonably informing the board

or governing body of the matters that are in issue and the grounds for the challenge.

and subsection (2)(c) of the same section provides:

(c) The request *shall* be accompanied by plans and other materials describing the use or development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. Such plans and other materials shall not be required to meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a permit so long as they provide reasonable notice of the proposed use or development and a sufficient basis for evaluating the challenged ordinance or map in light thereof. (Emphasis added.)

Judge KRAMER's statement in *Connelly, Inc. v. Board of Supervisors of Highland Township*, 19 Pa. Commonwealth Ct. 110, 115, 340 A.2d 597, 600 (1975), is exactly descriptive of the land and its application to the facts here:

It is quite clear to us that the legislative intent involved in section 1004(2)(c) requires, as an indispensable part of this entire proceeding, plans and other materials describing the use or development proposed by the landowner, so that the governing body (and ultimately the court) will be able to consider the merits of a specific proposed use or development in relation to the allegedly defective ordinance. Challenges pursuant to section 1004 of the MPC are limited to landowners who, on substantive grounds, desire to challenge the validity of an ordinance or map which prohibits or restricts a *specific* proposed use or development, and said use or development must be described by plans and other ma-

terials in accordance with section 1004(2)(c). A mere statement of intent to develop at some time in the future is not sufficient to give a landowner standing under section 1004. In this case, at no place in the proceeding did Connelly ever present any plans or other materials describing a proposed use or development. Connelly omitted what was mandated by the statute and, therefore, was not entitled to proceed under section 1004 of the MPC. (Emphasis in the original.)

In short, curative amendment proceedings which do not include plans and materials describing the use or development proposed by the landowner are fatally defective. *Union Run Corporation v. Lower Paxton Township Board of Supervisors,* 55 Pa. Commonwealth Ct. 89, 416 A.2d 1157 (1980).

Not only did the appellant fail in its submissions to the supervisors to describe the use or development it proposed, its evidence suggests that insofar as it may have conceived of any uses for its land, those uses are permitted in the I-RD zoning district. One of the appellant's witnesses testified at the hearing:

Supervisor Campbell:

Are you at liberty to indicate the type of industry that is proposed for this [the appellant's] land?

Engineer:

This type of industry that our client [the appellant] is interested in was more in the light industry line was the reason they requested I-RD, which would be the office complex, the light manufacturing.

Many examples have been used, computer software, for instance, because of the access to the airport. The types of industries that would

214

like access to the airport versus the industries that would like natural gas, highways and railroads.

Order affirmed.

ORDER

AND Now, this 15th day of March, 1985, the order of the Court of Common Pleas of Centre County in the above-captioned matter is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.