STATE OF CONNECTICUT *v.* EARL L. CHISHOLM

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 9-7652

Argued June 26—decided October 6, 1967

*Albert G. Murphy,* of Hartford, for the appellant (defendant).

*Harry W. Edelberg,* prosecuting attorney, for the appellee (state).

Wise, J. The defendant, after a trial to the jury, was convicted on two counts of furnishing premises for illegal consumption of alcoholic liquor in violation of § 30-100[2] of the General Statutes and has appealed. The defendant claims that since § 30-100, the so-called bottle club statute, would require a guilty finding against the person who maintains or operates premises upon which a third person was drinking alcoholic liquors, without requiring any showing of knowledge on the part of anyone so

[2] "Sec. 30-100. BOTTLE CLUBS. (a) No person, partnership, club, association, society, or corporation, not licensed under the provisions

designated of such drinking, therefore § 30-100 is unconstitutional in that it gives the state the power to deprive an individual of his liberty or property without due process of law in violation of article first, § 8, of the Connecticut constitution and the fifth and fourteenth amendments to the constitution of the United States.

The question of the constitutionality of this section is suggested for the first time on this appeal. The defendant made no such claim during the trial. He assigns no error in the trial. "It is fundamental that an appellant is not entitled to raise any question of law on appeal unless it was raised in the trial court and passed upon there. *Paley* v. *Connecticut Medical Examining Board,* 142 Conn. 522, 528 . . . ; *Lavoie* v. *Antupit,* 138 Conn. 422, 424 . . . ." *Warner* v. *Pandolfo,* 143 Conn. 728, 729; Practice Book § 652. Unless a substantial injustice is shown, we are not required on appeal to entertain a claim which was not made in or passed upon by the trial court. *State* v. *Vars,* 154 Conn. 255, 271; *State* v. *Fredericks,* 154 Conn. 68, 72; *State* v. *Rafanello,* 151 Conn. 453, 456; *State* v. *Sul,* 146 Conn. 78, 83. Prior to November 14, 1966, this also was the rule of the United States Supreme Court, that state

of this chapter, shall keep, maintain, operate, lease or otherwise furnish to its members, their guests or other persons any premises, building, apartment or place wherein such members, guests or other persons may engage in the drinking of alcoholic liquors for a fee or any consideration, including the sale of food, mixers, ice or other fluids used with alcoholic drinks, or the storage of alcoholic liquors. (b) The sale, distribution or dispensing of alcoholic liquors without a permit issued under the provisions of this chapter in any premises, building, apartment or other place used by any club, association, social or fraternal society or organization to the members thereof, their guests or other persons shall be unlawful. Any officer, agent or employee of any club, association, social or fraternal society or organization not so licensed, who dispenses or permits to be dispensed, to or by its members, guests or other persons, any alcoholic liquor shall be subject to the penalties provided in subsection (c). . . ."

procedural requirements for raising a federal constitutional question would be respected. *Johnson* v. *New Jersey,* 384 U.S. 719, 735; *Mapp* v. *Ohio,* 367 U.S. 643, 659. On November 14, 1966, however, the United States Supreme Court, in *O'Connor* v. *Ohio,* 385 U.S. 92, 93, held that failure to observe state procedural requirements in criminal prosecutions is not a bar to constitutional challenges raised for the first time on appeal. Our Supreme Court has followed this decision in *State* v. *Wilkas,* 154 Conn. 407, 409, and *State* v. *Vars,* supra.

We feel that justice demands that we entertain the defendant's constitutional claim. Is then § 30-100 unconstitutional in that it imposes a criminal liability on the defendant based on the actions of another, without regard to knowledge, scienter or intent on the part of the defendant? It is fundamental that when a question of constitutionality is raised, courts must approach it with great caution, examine it with infinite care, and sustain the legislation unless its invalidity is clear and beyond reasonable doubt. *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 470; *Patterson* v. *Dempsey,* 152 Conn. 431, 444; *Snyder* v. *Newtown,* 147 Conn. 374, 390.

The constitutional validity of § 30-100 depends upon whether it is a proper legislative exercise of the police power of the state. Since the liquor business is one which can be dangerous to the public health, safety and morals, the range of legislative power to deal with it necessarily is a very wide one, much more so than the power to curb and direct ordinary business activity. *Pierce* v. *Albanese,* 144 Conn. 241, 248. Legislative enactments cannot be successfully challenged in the courts unless they are clearly beyond the grant of legislative power conferred by the constitution or are so arbitrary and unreasonable as to constitute an abuse of the powers

conferred. It cannot be assumed that § 30-100 was adopted arbitrarily or without good reason to further some legitimate policy of the state. "The court's function in examining the constitutional aspect of police legislation is to decide whether the purpose of the legislation is a legitimate one and whether the particular enactment is designed to accomplish that purpose in a fair and reasonable way. If an enactment meets this test, it satisfies the constitutional requirements of due process and equal protection of the laws." Id., 249. "[I]n testing the constitutionality of an act of the legislature, we are not to assess it in the light of what we think of the wisdom and discernment of the lawmaking body in the particular instance. Rather we are bound to approach the question from the standpoint of upholding the legislation as a valid enactment unless there is no reasonable ground upon which it can be sustained." *Roan* v. *Connecticut Industrial Building Commission,* 150 Conn. 333, 338; *Patterson* v. *Dempsey,* supra.

The purpose of the statute is obvious. It is to control and regulate the drinking, sale or storage of alcoholic liquors on the described premises. To these ends, the legislature can adopt such measures as it deems reasonably appropriate. The measure it adopted was to require that such premises be licensed by obtaining a permit issued under the provisions of chapter 545 of the General Statutes. The legislature reasonably could find a great variety of possible factual situations which could develop concerning public health, safety and morals unless some degree of control was exercised by requiring a permit. The defendant asserts that § 30-100 denies due process of law because it allows a conviction without proof of scienter. The legislature has a wide latitude in declaring what constitutes a crime and in excluding knowledge from

its definition. *State* v. *Sul,* 146 Conn. 78, 85; *State* v. *Gaetano,* 96 Conn. 306, 316, and cases cited.

There are many statutes in the nature of police regulations for the protection of public health, safety and morals under which, either because it is impracticable to prove knowledge or because it is regarded as reasonable under the circumstances that the doer of the act should take the risk of knowing the facts, it is generally held that the prohibited act is criminal, notwithstanding the ignorance of the accused. The statute in question is such a police regulation, and it is reasonable to require that whoever is subject to the statute should take the risk of knowing the facts. *State* v. *Guerra,* 151 Conn. 159, 165; *State* v. *Gaetano,* supra.

The purpose of the legislation cannot be said to be unreasonable as a matter of law, and the provisions of the statute were adapted to accomplish the purpose of the legislation. We hold that the statute is constitutional and that the defendant's conviction for a violation of it did not contravene the constitutional guarantees afforded by article first, § 8, of the Connecticut constitution and the fifth and fourteenth amendments to the federal constitution.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.