Fantastic Plastic, Inc., a Pennsylvania corporation v. The City of Pittsburgh, a municipal corporation; Peter F. Flaherty, Mayor and Public Safety Director of the City of Pittsburgh; and Robert Coll, Superintendent of Police of the City of Pittsburgh, Appellants.

Argued May 3, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Eugene B. Strassburger, III,* Deputy City Solicitor, with him *Mary Ann Kenny Pidgeon,* Assistant City Solicitor, and *Mead J. Mulvihill, Jr.,* City Solicitor, for appellants.

*John L. Laubach,* with him *David A. McVey,* and *Stevens, Clark, Laubach & Semple,* for appellee.

OPINION BY JUDGE MENCER, September 22, 1977:

Fantastic Plastic, Inc. (Plastic) is a discotheque in the City of Pittsburgh where patrons are permitted to bring onto the premises intoxicating beverages for their own consumption. For some time, officials of the City have been of the view that the business operation conducted by Plastic is somewhat less than fantastic, as evidenced in part by disputes over entertainment and dance-hall licenses and zoning matters.[1]

---

[1] *See, e.g., Fantastic Plastic, Inc. v. Flaherty,* 26 Pa. Commonwealth Ct. 11, 361 A.2d 489 (1976) ; *Fantastic Plastic, Inc. v. Zoning Board of Adjustment,* 16 Pa. Commonwealth Ct. 455, 332 A.2d 577 (1975).

This appeal has been taken from a decision of the Court of Common Pleas of Allegheny County which held that the City's bottle-club ordinance, directed at Plastic's operation, was unconstitutional. Since we agree with that decision, we will not disturb the grant of an injunction restraining enforcement of the ordinance by the court below.

Prior to the enactment of Ordinance No. 18, Series 1976, the discotheque had operated by charging an admission fee and serving food, soft drinks, and mixes. In 7 months of operations, it had over 47,000 admissions and experienced no vandalism or disorder. Minors were excluded from the club,[2] a dress code was enforced, and a security staff was maintained.

Ordinance No. 18 provides:

WHEREAS, it is the public policy of the City of Pittsburgh to maintain the peace, to restrain disturbances and disorderly assemblies, and to secure the general safety and welfare of its inhabitants; and

WHEREAS, the operation of bottle clubs constitutes a menace to the peace, general safety and welfare of the City's inhabitants; Now, THEREFORE,

THE COUNCIL OF THE CITY OF PITTSBURGH HEREBY ENACTS AS FOLLOWS:

Section 1. Definitions:

'Person' shall include the singular and the plural and shall mean any person, firm, partnership, association, corporation, company or organization of any kind.

'Bottle Club' shall mean a place of assembly owned, maintained or leased, for

---

[2] The possession or consumption of alcoholic beverages by a person under 21 years of age is a criminal offense. 18 Pa. C.S. §6308.

pecuniary gain, in which no intoxicating liquors are sold, but where patrons are permitted to bring intoxicating liquors upon the premises for their own use and consumption.

Section 2. *It shall be unlawful for any person to operate, or cause to be operated, a bottle club.*

Section 3. Any person who shall violate any provision of this Ordinance shall be fined a sum not exceeding Three Hundred ($300.00) Dollars and, in default of payment thereof, shall be subject to imprisonment for a period not exceeding ten (10) days. Each day such violation is committed or permitted to continue shall constitute a separate offense and shall be punishable as such hereunder. (Emphasis added.)

Since the ordinance made Plastic's operation as a bottle club illegal, a complaint in equity was filed against the City, the Mayor, and the Superintendent of Police (City).

Before the lower court, Robert Coll, Superintendent of Police, offered the opinion that bottle clubs constitute some form of danger to the health, safety, and welfare of the community. No competent evidence was offered to corroborate this conclusion. The court below held that Ordinance No. 18 was an improper exercise of the police power, and the City brought this appeal.

Our consideration of the police-power question begins with an examination of the Twenty-first Amendment to the Federal Constitution. U.S. Const. amend. XXI. Where liquor is involved, this amendment has conferred on the states something more than the normal state authority over public health, welfare, and

morals. *California v. La Rue,* 409 U.S. 109 (1972). The states may absolutely prohibit the manufacture, sale, transportation, or *possession* of intoxicants. *Ziffrin, Inc. v. Reeves,* 308 U.S. 132 (1939). Under such broad authority, state regulation of bottle clubs has been upheld in other jurisdictions.[3]

In Pennsylvania, because of the evils generally associated with liquor, *see Tahiti Bar, Inc. Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959), public policy favors restriction of liquor sales. *J. C. Grille, Inc. Liquor License Case,* 181 Pa. Superior Ct. 456, 124 A.2d 659 (1956). Indeed, regulation of such sales is the primary focus of the Liquor Code[4] (Code). The Code also contemplates, however, regulation of the use or possession of alcoholic beverages. *See* title of the Code; *Commonwealth v. Stofchek,* 322 Pa. 513, 185 A. 840 (1936); *cf.* Section 104(c) of the Code, 47 P.S. §1-104(c) (purpose of the Code). Nevertheless, the Code does not contain any regulations on the type of possession involved here; *i.e.,* possession in a bottle club as defined by the ordinance.

In light of this state policy, Ordinance No. 18 must be examined to determine whether it is a proper exercise of the police power.[5] As was stated in *Gambone*

---

[3] *See, e.g., State v. Chisholm,* 4 Conn. Cir. Ct. 565, 237 A.2d 101 (1967) ; *Grillo v. State,* 209 Md. 154, 120 A.2d 384 (1956) ; *Beacon Club v. Buder,* 332 Mich. 412, 52 N.W. 2d 165, *appeal dismissed for want of a substantial federal question,* 343 U.S. 971 (1952) ; *Arrow Club, Inc. v. Nebraska Liquor Control Commission,* 177 Neb. 686; 131 N.W. 2d 134 (1964) ; *The Kent Club v. Toronto,* 6 Utah 2d 67, 305 P.2d 870 (1957) ; *cf. Segal v. Simpson,* 121 So. 2d 790 (Fla. 1960) (statute invalid because arbitrary fee charged) ; *Derby Club, Inc. v. Becket,* 41 Wash. 2d 869, 252 P.2d 259 (1953) (statute invalid because nonexistence permit required).

[4] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

[5] In reaching this question, we express no opinion on whether the Code preempted municipal prohibition of bottle clubs. Although

*v. Commonwealth*, 375 Pa. 547, 551-52, 101 A.2d 634, 637 (1954):

> [A] law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained. Under the guise of protecting the public interests the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. The question whether any particular statutory provision is so related to the public good and so reasonable in the means it prescribes as to justify the exercise of the police power, is one for the judgment, in the first instance, of the

---

the point was not pressed here, the issue is present, especially when the municipal ordinance is prohibitory and the state policy on the subject is regulatory. Under the applicable standard, municipal action not inconsistent with statutory regulations is permissible unless the general tenor of the statute involved indicates a legislative intention that it should not be supplemented by municipal bodies. *United Tavern Owners of Philadelphia v. Philadelphia School District*, 441 Pa. 274, 272 A.2d 868 (1971).

Courts in other jurisdictions have been faced with a similar problem. *See, e.g., Leavenworth Club Owners Ass'n v. Atchison*, 208 Kan. 318, 492 P.2d 183 (1971) (ordinance affecting bottle clubs consistent with Kansas statute which permitted operation during different hours); *Commonwealth v. Baronas*, 285 Mass. 321, 189 N.E. 62 (1934) (township ordinance prohibiting possession of intoxicating liquor in public place upheld in absence of state action); *Arrow Club, Inc., supra* note 3 (bottle club ordinance inconsistent with Nebraska statute which permitted operation during different hours); *City of Cleveland v. Raffa*, 13 Ohio St. 2d 112, 235 N.E. 2d 138, *cert. denied*, 393 U.S. 927 (1968) (prohibitory bottle club ordinance did not conflict with state law). *See generally* 6 E. McQuillin, *The Law of Municipal Corporations* §§24.163, .165, .166 (3d rev. 1969).

law-making branch of the government, but its final determination is for the courts.

*See also Commonwealth v. Barnes & Tucker Co.,* Pa. , 371 A.2d 461 (1977).

Initially, we note that the testimony adduced here failed to disclose that the ordinance was related to the public good. Superintendent Coll's opinion was the only competent evidence indicating a "menace" to the public, and the lower court was not persuaded by this opinion.

More importantly, the prohibitory nature of the ordinance was unreasonable and clearly beyond the necessities of the case. Since the public policy of this Commonwealth is adequately served by *regulation* of the sale, use, and possession of liquor, *prohibition* of bottle clubs is not the proper method of achieving the City's objective.[6] This prohibitory nature acts oppressively to destroy property rights. *See Lutz v. Armour,* 395 Pa. 576, 151 A.2d 108 (1959). This case is thus analogous to zoning cases where the total prohibition of a lawful use has been struck down. *See, e.g., Norate Corp., Inc. v. Zoning Board of Adjustment,* 417 Pa. 397, 207 A.2d 890 (1965); *Amerada Hess Corp. v. Zoning Board of Adjustment,* 11 Pa. Commonwealth Ct. 115, 313 A.2d 787 (1973). Therefore, we must conclude that Ordinance No. 18 was an invalid exercise of the police power.

In light of this holding, we need not reach the other constitutional arguments raised by Plastic. The City has also argued that the lower court failed to act impartially by rendering a decision before a supplemental brief was due and by ruling erroneously on the admissibility of certain items of evidence. We have

---

[6] Courts in other jurisdictions have upheld municipal *regulation* of bottle clubs. *See, e.g., Leavenworth Club Owners Ass'n, supra* note 5; *Mutchall v. City of Kalamazoo,* 323 Mich. 215, 35 N.W. 2d 245 (1948).

carefully examined these contentions and find no prejudicial error.

Decree affirmed.

### ORDER

AND Now, this 22nd day of September, 1977, the decree of the Court of Common Pleas of Allegheny County, declaring Ordinance No. 18, Series 1976, of the City of Pittsburgh unconstitutional and enjoining its enforcement, is hereby affirmed.