Pennsylvania George Junior Republic, Appellant
*v.* Zoning Hearing Board of Coolspring Township,
Mercer County, Pennsylvania, Appellee.

Argued May 1, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Michael J: Wherry*, with him *Wherry and Ketler*, for appellant.

*Joseph J. Nelson*, for appellee.

OPINION BY JUDGE CRUMLISH, JR.; August 7, 1978:

The Pennsylvania George Junior Republic (Applicant), a non-profit corporation, appeals an order of the Court of Common Pleas affirming a refusal by the Zoning Hearing Board of Coolspring Township (Board) to grant a building permit.

Applicant is an institution to which juvenile offenders and unmanageable boys are sent pursuant to court order. Applicant's headquarters are located in

Grove City, Mercer County. It is the desire of Applicant to establish a home on its property in Coolspring Township. On February 21, 1976, the zoning officer of Coolspring Township ordered renovations on the property to cease.

Subsequently, Applicant applied for a building permit. From the zoning officer's denial, Applicant appealed to the Board, which also denied Applicant's request. From this denial, Applicant appealed to the court below which likewise rejected Applicant's contention and upheld the Board. We affirm.

The property in question is located in a "R-1," Residential-Agricultural District. Applicant first raises for our consideration its contention that the proposed use is that of a boarding school which should have been granted a permit by way of special exception. However, we agree with the court below that the proposed use is not, in fact, as a school but rather a group home from which it is proposed the children will be sent to public schools within the Mercer County School District. Though the *main campus* at Grove City encompasses an education program, there is no program of instruction proposed for the property located within the Township. We are compelled, therefore, to reject the premise of Applicant's special exception contention, *i.e.,* that the property is to be used as a preparatory or boarding school.

Applicant next advances its contention that the home in question, although a group home, nevertheless falls within the category "one-family detached dwellings," a specifically defined use within the R-1 district. We disagree. Article XVI of the Ordinance specifically defines "dwelling" as

> [a] building arranged for, containing dwelling unit or units, and used exclusively for residential occupancy, including a one-family, two-

family, row and multiple-family dwelling, *but not including a boarding house,* convalescent home, hospital, *institutional home,* lodging house, motel, rooming house, tourist court or a tourist home. (Emphasis added.)

Since institutional homes are specifically excluded from the definition of "dwelling" by the Ordinance itself, it follows that Applicant's proposed use cannot fall within the category "one-family detached dwellings" as that phrase is used in the Ordinance to describe a permissible use within a R-1 district. Having rejected both of Applicant's contentions, we affirm.

ORDER

AND Now, this 7th day of August, 1978, the order of the Court of Common Pleas of Mercer County is affirmed.