Christ United Methodist Church et al. *v.* Municipality of Bethel Park et al.

Municipality of Bethel Park, Appellant.

Argued February 2, 1981, before Judges WILKIN-SON, JR., WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Victor R. Delle Donne, Baskin and Sears,* for appellant.

*Jack W. Plowman, Plowman and Spiegel,* for appellees.

*Thomas F. Halloran,* Assistant Attorney General, with him *Frank P. Tuplin,* Assistant Attorney General, for intervenor.

*Harry F. Swanger,* with him *Robin Russel Vandercoy,* for amicus curiae.

OPINION BY JUDGE MacPHAIL, April 22, 1981:

The Municipality of Bethel Park (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeals of Christ United Methodist Church and the Wesley Institute, Inc. (Appellees). The Court below adopted the findings of fact and law submitted by a referee and in so doing reversed both the denial of a curative amendment by Appellant and the denial of an occupancy permit by the Zoning Hearing Board of Bethel Park.

On October 13, 1978 Christ United Methodist Church purchased a tract of land in Bethel Park consisting of approximately one acre, on which a home, detached garage and shed are located. The Church plans to rent the premises to Wesley Institute, Inc., a private, non-profit corporation, for the purpose of operating a group home for juveniles who have been adjudicated delinquent. A maximum of eight juveniles would live in the home along with two "houseparents." Two child care workers and a coordinator

would also be involved in operating the group home on a full-time basis. The subject property is located within an R-3 single-family residential zoning district.[1]

Appellees applied for an occupancy permit which was denied by the municipality's zoning officer on the ground that a group home is a type of "institutional house," as defined by the municipality's zoning ordinance, and that the subject property did not meet the area requirements for that use. Appellees appealed the denial to the Zoning Hearing Board which, after hearings on the appeal, granted Appellees' request for a continuance in order to permit Appellees to seek a curative amendment, relative to the ordinance's alleged exclusion of group homes, before the municipal council. A proposed curative amendment was subsequently submitted to the municipal council pursuant to Sections 609.1 and 1004 of the Pennsylvania Municipalities Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10609.1 and 11004. Since the municipal council failed to act on the request within thirty days, the amendment was considered denied by operation of Section 1004(4)(iii) of the MPC, 53 P.S. §11004(4)(iii). The Zoning Hearing Board subsequently considered and denied the grant of an occupancy permit to Appellees. Appellees filed timely appeals to the Court of Common Pleas of Allegheny County whereupon additional evidence was taken and the appeals were sustained. The court below ruled in the alternative finding that the municipality's zoning ordinance either unconstitutionally excludes the use of property within the municipality for group homes or is invalid due to unreasonable lot size and

---

[1] Other uses permitted within the R-3 district include: 1) schools, 2) churches, and 3) convents, monasteries, rectories or parish houses occupied by not more than ten persons.

fencing restrictions applied to the use category of "institutional house."

The issues presented for our consideration are: 1) whether or not the ordinance unconstitutionally excludes "group homes" as a property use; 2) whether or not the restrictions placed on "institutional houses" are unreasonable; and 3) whether or not the court below failed to comply with Section 1011 of the MPC, 53 P.S. §11011.

Our review is limited to a determination of whether or not the court below abused its discretion or committed an error of law. *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

The zoning ordinance in the instant case defines an "institutional house" as follows:

A public or private benevolent or eleemosynary establishment devoted to the shelter, maintenance or education and care of minor children; homeless aged or infirm persons; or members of a religious community. This classification shall not include almshouse, penal or reformatory institutions for the custody, care or treatment of persons suffering from amentia, mental derangement or drugs or alcoholic addiction.

Institutional houses are permitted as special use exceptions in all residential districts, except R-1, and in the C-2 general commercial district. The subject property is located in a district (R-3) where institutional houses are permitted as a special use exception.

I

Appellant's first argument is that its ordinance does not unconstitutionally exclude group homes as a property use.

A zoning ordinance is presumed to be valid and constitutional. Any person who challenges the validity of an ordinance bears a heavy burden of proof. *Ellick, supra.* An unconstitutional exclusion of a legitimate land use can take two forms: de jure exclusion or de facto exclusion. In proving de jure exclusion a challenge must demonstrate that the ordinance, on its face, totally bans a legitimate use. *Fretz v. Hilltown Township Board of Supervisors,* 43 Pa. Commonwealth Ct. 4, 401 A.2d 849 (1979). To prove a de facto exclusion the challenge must establish that even though the ordinance on its face permits a particular use, the ordinance as applied acts to prohibit the use throughout the municipality. *Benham v. Middletown Township Board of Supervisors,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975).

With respect to de jure exclusion Appellees argue, and the lower court found, that "group homes" constitute a use distinct from that of "institutional houses" and that the ordinance excludes "group homes" on its face rendering it unconstitutional. We disagree. While we recognize the philosophical arguments against use of the word "institution" in relation to the proposed home for juveniles, we believe that the ordinance's definition of "institutional house" is sufficiently broad to encompass the use proposed by Appellees. The proposed use clearly falls within the definition of "a private benevolent eleemosynary establishment denoted to the shelter, maintenance or education and care of minor children. . . ." In our opinion the proposed group home is a type of institutional house.[2] Therefore, it is not excluded as a use on the face of the ordinance. *See*

---

[2] Having determined that a group home is a type of institutional house we need not address Appellees' argument that a group home should be considered a single-family dwelling.

*Pennsylvania George Junior Republic v. Zoning Hearing Board of Coolspring Township,* 37 Pa. Commonwealth Ct. 151, 389 A.2d 261 (1978) (a group home is a type of institutional home). We, accordingly reverse the lower court's finding of de jure exclusion.

Appellees have, however, sustained their burden of proving de facto exclusion. The lower court found as fact that "[n]o group home, such as is proposed on the subject property, exists in the Bethel Park community for children adjudicated delinquent." Were a group home to be established as a special use exception it would have to comply with zoning restrictions which include a minimum lot area of five acres, a six foot fence where the property is "accessible to the public" and minimum yards of 100 feet in the front and fifty feet on the sides and rear. Although we have concluded that the proposed group home is a type of institutional house and that group homes, therefore, need not be treated in the ordinance as a separate use, we cannot ignore the actual exclusion of group homes from Bethel Park.

We believe that the invalidating feature of the ordinance in this case is the five acre minimum lot size for institutional houses. While such a minimum lot size is not unconstitutional per se, *DeCaro v. Washington Township,* 21 Pa. Commonwealth Ct. 252, 344 A.2d 725 (1975), minimum lot sizes may be so large as to be exclusionary in effect. *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A.2d 851 (1958) and *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970). The constitutionality of a minimum lot size must be determined on a case-by-case basis. *National Land and Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965). The facts of the instant case demonstrate that the five acre minimum lot size is exclusionary as applied

to group homes which, again, are a type of institutional house. It is our opinion that when a municipality chooses to provide a broad use category such as that of "institutional house," it must establish restrictions on that use which do not unconstitutionally prohibit any legitimate use within that broad category. In the instant case, the group home will house, at most, eight male juveniles, two housekeepers and limited support staff. The minimum lot size of five acres is a great deal larger than is *necessary* for the proposed use. *See Concord Township Appeal, supra* (two and three acre minimum lot sizes are larger than is necessary for the building of a house and are exclusionary). The restriction is exclusionary in its effect and, therefore, is invalid absent an extraordinary justification. *Concord Township Appeal, supra.* Since the municipality has relied entirely upon the validity of its zoning ordinance, we have been presented with no evidence as to the public interest which is sought to be protected by the ordinance. Based on the effect of this ordinance alone, we must conclude that the five acre minimum lot size is unconstitutional as applied to Appellees' proposed use.

## II

The lower court found in the alternative that if group homes are a use included within the definition of institutional house then the ordinance's minimum lot size and fencing requirement are so unreasonable as to render the ordinance invalid. We agree that the minimum lot size is unreasonable and affirm the lower court on that ground.[3]

A zoning ordinance may be unconstitutional if it is exclusionary or unduly restrictive. *Surrick v. Zon-*

---

[3] Since Appellees did not challenge the validity of the fencing requirement in their appeals to the court below, we find that the court erred in ruling on the constitutionality of that restriction.

*ing Hearing Board of the Township of Upper Providence,* 476 Pa. 182, 382 A.2d 105 (1978). An ordinance is unduly restrictive if ''the severity of its restrictive impact on the owner of the regulated property is unjustified for police power purposes. . . .'' *Martin v. Township of Millcreek,* 50 Pa. Commonwealth Ct. 249, 252, 413 A.2d 764, 765 (1980). For the reasons previously cited in this opinion we conclude that the ordinance as applied to Appellees is unduly restrictive. Even if the ordinance was not exclusionary in its effect, evidence was presented that the five acre minimum lot size would hamper the effectiveness of a group home, which includes as an integral part of its program a residential environment. In the absence of a demonstrated relationship to the public health, safety or welfare we must conclude that in the instant case the five acre minimum lot size is unjustified as an exercise of the police power.

We, accordingly, find that the zoning ordinance as applied to the proposed use is both exclusionary in its effect and unduly restrictive.

### III

Finally, Appellant argues that the lower court failed to comply with Section 1011(1) of the MPC, 53 P.S. §11011(1).[4] Since we have recently declared that provision to be unconstitutional, *Hopewell Town-*

---

[4] Section 1011(1) of the MPC provides as follows:

In a zoning appeal the court shall have power to declare any ordinance or map invalid and set aside or modify any action, decision or order of the governing body, agency or officer of the municipality brought up on appeal, only if it determines that:

(a) the municipality has not acted in good faith or made a bona fide attempt in the adoption of its ordinances or maps, or any amendments thereto, to meet the statutory and constitutional requirements for nonexclusionary zoning; or

*ship Board of Supervisors v. Golla,* 58 Pa. Common-wealth Ct. 572,    A.2d    (No. 2575 C.D. 1979; filed April 21, 1981), we need not address the merits of Appellant's argument. Appellant also questions the clarity of the lower court's order. We agree that the court's opinion and order do not comply with Section 1011(2) of the MPC, 53 P.S. §11011(2). That provision requires that definitive relief be granted to a successful challenger. *Ellick, supra.* The court may order that a particular use be approved uncon-ditionally or it may order that certain elements be referred to the governing body for further proceed-ings. In either event it is important that the court order be specific in explaining the relief which is granted. *Gorski v. Township of Skippack,* 19 Pa. Commonwealth Ct. 346, 339 A.2d 624 (1975). We will, therefore, remand the matter to the court below and direct entry of an appropriate order.

ORDER

AND Now, this 22nd day of April, 1981, the order of the Court of Common Pleas of Allegheny County is affirmed insofar as it holds the Bethel Park zon-ing ordinance exclusionary as applied to group homes

---

(b) the ordinance imposes limitations that are not rea-sonably related to the municipality's authority to deter-mine its physical growth pattern, protect the Common-wealth's public natural resources, coordinate development with the provision of public services, or protect the char-acter of the community. Where municipalities have adopted a joint municipal comprehensive plan and enacted zoning legislation consistent with the joint municipal compre-hensive plan within a region pursuant to Articles XI and XI-A, the court, when determining the validity of a chal-lenge to such a municipality's zoning ordinance shall con-sider the zoning ordinance or ordinances as they apply to the entire region and shall not limit its consideration to the application of the zoning ordinance within the boun-daries of the respective municipalities.

and unconstitutional because unduly restrictive as to lot size for group homes. The case is remanded to the Court of Common Pleas of Allegheny County for a definitive order which complies with Section 1011(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011(2).

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.