Board of Commissioners of Ross Township, Appellant *v.* Joseph Harsch and Joan Harsch, his wife, Appellees. Commonwealth of Pennsylvania, Department of Public Welfare, Intervenor.

Argued February 28, 1983, before Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*William W. Milnes, Brandt, Milnes, Rea and Wagner,* for appellant.

*Joseph Harsch* and *Joan Harsch,* his wife, appellees, for themselves.

*Jason W. Manne,* Assistant Counsel, for intervenor.

OPINION BY JUDGE WILLIAMS, JR., November 18, 1983:

This is an appeal by the Board of Commissioners of Ross Township (Board) from an order of the Allegheny County Court of Common Pleas directing the township to adopt a curative amendment[1] proposed by the pro se appellees, Joseph and Joan Harsch. The Harsches instituted this action because they wished to operate a Group Day Care Home in their residence, and the Ross Township ordinance does not provide for such a facility anywhere in the township. By a 1976 amendment to its ordinance, the township permitted the operation of a Family Day Care Home, consisting of no more than six children supervised by

---

[1] The curative amendment proposed by the Harsches would have permitted Group Day Care Homes as a conditional use in R-1 and R-2 zones in the township.

at least one adult care-giver, as a conditional use in an R-1 district. The Group Day Care Home is a facility which contemplates care given by at least two adults, in this residence, to up to eleven children. At the time the Harsches began this action, both Group and Family Day Care Homes were licensed[2] separate entities by the Pennsylvania Department of Public Welfare (DPW).

After the township refused to enact their curative amendment, the Harsches appealed to the common pleas court, which reversed the Board, finding the ordinance to be exclusionary and unduly restrictive. The Board appealed to this Court, which remanded the matter to the common pleas court at *Board of Commissioners of Ross Township v. Harsch,* 63 Pa. Commonwealth Ct. 400, 437 A.2d 1338 (1981), because gross deficiencies in the record precluded effective appellate review.

Following our remand order, without expanding the record, and subsequent to procedural irregularities not challenged by the parties, the common pleas court issued an order on June 7, 1982, which mandated the adoption of the proposed curative amendment. Pursuant to our order, the trial court accompanied that order with findings of fact,[3] albeit sparse, and conclusions of law, as well as a written opinion. We shall therefore now address the merits of this case, bearing in mind that our scope of review, where the

---

[2] During oral argument, counsel apprised the Court that DPW in fact no longer licenses Family Day Care homes. Since the Ross Township zoning ordinance requires proper licensing as a prerequisite to the operation of day care facilities, it would appear that the Harsches have reached an impasse.

[3] *See* Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010, which authorizes the common pleas court to "make its own findings of fact" if the record before it does not include same.

common pleas court has taken additional evidence, is limited to ascertainment of whether that court abused its discretion or committed an error of law. *Snyder v. Railroad Borough,* 59 Pa. Commonwealth Ct. 385, 430 A.2d 339 (1981); *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

The threshold issue raised by the township is whether the trial court erred in characterizing the pertinent provisions of the Ross Township ordinance as exclusionary or unduly restrictive. In so holding, that court relied upon *Martin v. Township of Millcreek,* 50 Pa. Commonwealth Ct. 249, 413 A.2d 764 (1980), a case involving a constitutional challenge to an ordinance regulating minimum one-family lot size. Relating substantive due process concepts to zoning requirements, the *Martin* court concluded that *either* exclusionary *or* unduly restrictive regulations are invalid, in that neither bears the substantial relationship to public welfare mandated by constitutional provisions . As described in *Martin,* a zoning enactment is unduly restrictive if ''the severity of its restrictive impact on the owner of the regulated property is unjustified for police power purposes.'' *Id.* at 252, 413 A.2d at 765. Although we conclude that the challenged ordinance is exclusionary, and so affirm the common pleas court, we do so for a reason other than that propounded by that tribunal.[4]

The township currently permits the operation of Family Day Care Homes, as a conditional use, in districts zoned residential upon, *inter alia,* the licensing of such facilities by DPW. Section 1113.10(a)

---

[4] Even though an order is based on erroneous reasoning, we may affirm if the result is correct for any reason. *Baltimore and Ohio Railroad Co. v. Department of Labor and Industry,* 461 Pa. 68, 83 n.10, 324 A.2d 636, 643 n.10 (1975), *appeal dismissed,* 423 U.S. 806 (1975) .

(2)(A) of the Ross Township Ordinance. Prior to January 1, 1980, Family Day Care Homes were denominated under the definitional section of the Public Welfare Code (Code)[5] at Section 1001 of the Code, 62 P.S. §1001, and were, therefore, subject to DPW licensing.[6] We note, however, that Section 1 of the Act of December 5, 1980, P.L. 1112, deleted the term ''Family day care home'' from Section 1001 of the Code thus removing such facilities, effective January 1, 1980, from the licensure requirement.

While the township's ordinance expressly conditions approval of the use of Family Day Care Homes in residential districts upon such facilities' possession of a license, DPW, after December 31, 1979, no longer licenses those facilities. Although not facially banning Family Day Care Homes, the ordinance, beginning January 1, 1980, effectively excludes Family Day Care Homes from residential areas. By *effectively* prohibiting Family Day Care Homes and *facially* excluding Group Day Care Homes, the ordinance bans *all* day care facilities from residential areas. Such restriction is exclusionary and therefore invalid absent an extraordinary justification which is not here present. *See, Christ United Methodist Church v. Municipality of Bethel Park,* 58 Pa. Commonwealth Ct. 610, 428 A.2d 745 (1981).

Appellant also argues that the common pleas court erred in applying a provision of the Second Class Township Code[7] to Ross Township, which is a township of the first class. We agree. This argument is

---

[5] Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§101-1503.

[6] Section 1002 of the Code, 62 P.S. §1002, provides that ''[n]o person shall maintain, operate or conduct any facility, as *defined herein,* without having a license therefor issued by the department.'' (Emphasis supplied.)

[7] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-67201.

raised in the context of a challenge of the further determination of the trial court that the field of day care regulations has been pre-empted by state action through legislation and DPW regulations.

We agree with the appellant township's assertion that the Public Welfare Code has not pre-empted the field of day care regulation to such an extent[8] that the township cannot affect it by zoning limitations. Our review of the Public Welfare Code and the regulatory scheme discloses neither specific language nor any inference that the legislature intended to so restrict the police power of municipalities in this area that they may not impose zoning restrictions on day care centers. *Cf. Washington Township v. Commonwealth of Pennsylvania, Department of Transportation*, 54 Pa. Commonwealth Ct. 431, 421 A.2d 859 (1980), wherein we noted that receipt of a junkyard license from the Commonwealth did not eliminate the operator's obligation to comply with local ordinances.

Appellant finally contends that the common pleas court erred in directing the township to adopt appellees' proposed curative amendment. *Appeal of Olson*, 19 Pa. Commonwealth Ct. 514, 338 A.2d 748 (1975), cited in support of this argument, correctly states that

> once the court has concluded that the zoning ordinance unlawfully prohibits or restricts the

---

[8] Judge MERCER touched on the distinction between total pre-emption and limited pre-emption in *Fantastic Plastics, Inc. v. City of Pittsburgh*, 32 Pa. Commonwealth Ct. 41, 377 A.2d 1051 (1977), in language quite applicable to this case:

> In reaching this question, we express no opinion on whether the [Liquor] Code preempted municipal prohibition of bottle clubs. Although the point was not pressed here, the issue is present, especially when the municipal ordinance is prohibitory and the state policy is regulatory.

*Id.* at 45 n.5, 377 A.2d at 1053 n.5.

landowner's proposed development, then the landowner should be permitted to proceed with his proposed development, subject to those reasonable zoning regulations, restrictions and codes applicable to the class of usage proposed by the land developer.

*Id.* at 522, 338 A.2d at 752. Although the landowner has won the right to proceed, the curative amendment loses its viability. The courts cannot order the municipality to take a specific legislative action. *See Snyder; Ellick.*

Order affirmed in part, reversed in part, and modified in part.

ORDER

AND Now, this 18th day of November, 1983, based upon the above discussion, the opinion and order of the Court of Common Pleas of Allegheny County dated June 7, 1982, is hereby:

a. Affirmed insofar as it concludes that the Ross Township ordinance is invalid because it does not permit day care homes;

b. Reversed insofar as it concludes that the area of day care regulation has been pre-empted by the Commonwealth to the extent that municipalities cannot limit the placement of such facilities by zoning; and

c. Modified insofar as it orders the Board to adopt the proposed curative amendment.

The matter is remanded to the common pleas court with a directive to grant a use permit to Joseph and Joan Harsch for the operation of the requested Group Day Care Home, conducted in compliance with all state and municipal licensing requirements.

Jurisdiction relinquished.