543 A.2d 1293

Step-By-Step, Inc., Appellant *v.* Zoning Hearing Board of The Borough of McKees Rocks, Appellee.

Argued May 24, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*James C. Larrimer, Dougherty, Larrimer & Lee,* for appellant.

*Eugene P. Girman, Girman & Bacharach,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 12, 1988:

Step-by-Step, Inc., appeals an Allegheny County Common Pleas Court order upholding a Borough of McKees Rocks Zoning Hearing Board (Board) decision. That decision sustained citations issued against Step-by-Step for establishing three community living arrangements (CLA's)[1] in a Residential, R-2 district permitting only one and two-family occupancies.

Step-by-Step, a non-profit, charitable corporation operating CLA's for mentally handicapped Allegheny County residents, leased three separate dwelling units[2]

---

[1] A CLA is a program developed by the Commonwealth of Pennsylvania through the Department of Public Welfare. The purpose of the program is to place persons disabled by mental retardation into a family setting as nearly normal as possible and into the mainstream of society. *Hopkins v. Zoning Hearing Board of Abington Township,* 55 Pa. Commonwealth Ct. 365, 423 A.2d 1082 (1980).

[2] Three CLA's were established with three adults in each home: one "family" unit at 1113 Zinkham Street and one "family" unit in each of the two apartments at 716 Mary Street. The Zinkham Street unit is a single-family structure and the Mary Street dwelling is a two-family structure.

in the Borough of McKees Rocks (Borough) for the purpose of providing specialized health, social and rehabilitative services.[3] The residents are required to pay approximately seventy-two percent (72%) of their income to Step-by-Step to cover room and board as well as other expenses. Although staff members do not reside at the CLA's, one to three members are always present to assist the residents and to provide training and transportation.

Subsequent to the establishment of these CLA's, the Borough cited Step-by-Step for violating Ordinance No. 1330, which requires special use permits for the occupancy of dwellings as rooming houses in an R-2 district.

Pursuant to Sections 909 and 910 of the Municipalities Planning Code (MPC),[4] Step-by-Step requested a hearing before the Board to challenge the necessity of use applications. The Board concluded that Step-by-Step was operating facilities in the nature of commercial boarding homes or rooming houses and thus violated the ordinance.[5]

---

[3] The residential services offered by Step-by-Step are the result of a governmental program enacted under Title XIX of the Social Security Act of 1965, which authorizes federal grants to states for medical and other assistance to, *inter alia*, the disabled. This program is financed jointly by the federal and state governments and is administered by the state. Further, these services are offered pursuant to a written agreement between Step-by-Step and the Allegheny County Institution District under Section 301 of the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, P.L. 96, *as amended*, 50 P.S. §4301.

[4] 53 Pa. C. S. §§10909, 10910.

[5] Section 2.133 of the Zoning Ordinance of the Borough of McKees Rocks (ordinance), which defines a rooming house as a building containing a dwelling unit and room for the rooming and/or boarding of three or more persons for compensation and requiring off street parking spaces per each occupant. Rooming houses require a special use permit.

The common pleas court agreed, and held that CLA households are comprised of unrelated adults paying room and board. The trial court reasoned that whatever characteristics the CLA's incidentally have in common with single-family residences, they fit more specifically into the category of rooming houses.

Step-by-Step contends that it occupies the properties not as boarding houses but as residential family units and, therefore, it should not be required to seek a special use permit under the ordinance. We disagree.

Where the common pleas court, in reviewing a zoning appeal has taken no evidence beyond that presented to the zoning hearing board, the Pennsylvania Supreme Court has stated that:

> [T]he scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. . . . We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. . . . By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983).

Here, the Borough's ordinance defines "family" as consisting of one or more persons each related to each other by blood (or adoption), together with such blood relatives' respective spouses, who are living together in a single dwelling and maintaining a common household. Section 2.114 of the McKees Rocks Zoning Ordinance.

The record reveals evidence that CLA residents are not related by blood and require the twenty-four hour assistance of paid Step-by-Step employees; that each resident is required to pay a substantial part of his income to Step-by-Step under a room and board agree-

ment; and that there is the potential for a significant degree of impermanency in the composition of the residence. Thus, there is sufficient, competent evidence to support the conclusion that these CLA's constitute rooming houses.[6]

In *Lakeside Youth Service v. Zoning Hearing Board of Upper Moreland Township,*[7] 51 Pa. Commonwealth Ct. 485, 414 A.2d 1115 (1980), we held that in view of the number of people entering and leaving the house and the transient nature of the principal residents, the basic social structure of the proposed use is simply too far removed from the ordinance's concept of "single family dwelling" to be considered of the same general character of use.

Finally, we agree with the common pleas court that even though the CLA's do not constitute single-family units under the Borough ordinance, they may be located in R-2 districts if Step-by-Step applies for the proper special use permits. The common pleas court declined to specifically address the constitutional issues because it found that this citation procedure was not the proper forum to challenge alleged exclusionary practices since Step-by-Step could still seek a special use permit. *In Re: Appeal of Frank Merlino,* 19 Pa. Commonwealth Ct. 143, 339 A.2d 642 (1975).

Accordingly, the common pleas court order is affirmed.

---

[6] *But see, Philadelphia Center for Developmental Services v. Zoning Hearing Board of Plymouth Township,* 89 Pa. Commonwealth Ct. 591, 492 A.2d 1191 (1985), where we held that the township incorrectly interpreted its zoning ordinance which included in its definition of "family" a single nonprofit housekeeping unit with as many as five *unrelated* individuals.

[7] Although *Lakeside* dealt with an application for a special exception to use a property as a home for delinquent young women in court custody, we find our reasoning in that decision appropriate to our disposition herein.

552

ORDER

The Allegheny County Common Pleas Court order, No. S.A. 1496 of 1985 dated December 21, 1987, is affirmed.